## COMMONWEALTH *vs.* ALDINA LaFRANCE.

Bristol. April 7, 1988. — July 11, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Practice, Criminal,* Probation. *Constitutional Law,* Search and seizure. *Search and Seizure,* Probationer, Warrant.

Discussion of the views expressed in *Griffin* v. *Wisconsin,* 483 U.S. 868 (1987), with respect to the requirements of the Fourth Amendment to the United States Constitution as applied to a probation officer's search of a probationer and the probationer's residence. [791-792]

This court accepted, for purposes of art. 14 of the Massachusetts Declaration of Rights, the principle articulated in *Griffin* v. *Wisconsin,* 483 U.S. 868 (1987), that a level of suspicion such as "reasonable suspicion," although less than probable cause in its traditional sense, would justify a probation officer's search of a probationer and the probationer's premises for evidence of a violation of probation conditions. [792-793]

This court held that an order of a Superior Court judge imposing a special condition of probation requiring that the defendant, while on probation, submit to searches of her person, her possessions, and any place she might be, with or without a search warrant, on the request of a probation officer, amounted to an unconstitutional blanket threat of warrantless searches, and that the order was to be revised to authorize a search only on "reasonable suspicion." [793]

Notwithstanding that a probation officer is authorized to conduct a search of a probationer and the probationer's immediate vicinity on "reasonable suspicion" that evidence of a probation violation would be found, a search warrant is required under art. 14 of the Massachusetts Declaration of Rights to search the home of a probationer, unless a traditional exception to the warrant requirement applies. [794-795]

INDICTMENTS found and returned in the Superior Court Department on February 13, 1985.

A probation surrender proceeding was heard by *Chris Byron,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Louis D. Coffin* for the defendant.

*Cynthia A. Vincent,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. A judge in the Superior Court required as a special condition of the defendant's probation that, while on probation, she submit to a search of herself, her possessions, and any place where she may be, with or without a search warrant, on request of a probation officer. The defendant challenges that special condition on State and Federal constitutional grounds because it authorizes a blanket search without a warrant.

We agree that both art. 14 of the Massachusetts Declaration of Rights and the Fourth Amendment to the Constitution of the United States forbid the search of a probationer or her premises unless the probation officer has at least a reasonable suspicion that a search might produce evidence of wrongdoing. The requirement that the probation officer have reasonable suspicion should be set forth expressly in any order imposing such a special condition. We reject the Commonwealth's argument that we should affirm the order because it impliedly includes the reasonable suspicion standard. There are, moreover, circumstances in which, under art. 14, a search of a probationer and her premises can be lawful only if conducted pursuant to a search warrant. We shall remand the case for the entry of a revised special condition concerning searches of the defendant while she is on probation.

The defendant pleaded guilty in 1985 to indictments charging her with burglary and larceny. She received a suspended sentence with probation for two years. The defendant violated the terms of her probation by committing motor vehicle offenses and by failing to report to her probation officer.[1] The judge revoked the defendant's probation and ordered her to be confined in a house of correction for one year, of which only three

---

[1] There also was evidence that the defendant had failed to comply with a special condition of her probation that she receive methadone treatment, but the court order requiring that treatment apparently had been entered in the absence of counsel. The judge disavowed consideration of that evidence in making his decision whether to revoke probation.

months would be served and the balance would be suspended with probation for two years. The judge then imposed special conditions, including the one challenged here.[2]

Defense counsel objected that the special condition concerning searches authorized illegal searches and seizures. In the course of an extended colloquy between defense counsel and the judge concerning the circumstances in which a probation officer would be entitled to conduct a search pursuant to the special condition, the judge stated that the probation officer would be expected to use "some common sense and discretion." The judge suggested that, if the defendant would not accept the condition, he could decide not to suspend any part of the sentence. The defendant accepted the conditions in order to limit the time she would have to serve in the house of correction. We transferred the defendant's appeal here on our own motion.[3]

Any discussion of the requirements of the Fourth Amendment as applied to searches of probationers and places where they are found must be based largely on the views recently expressed in *Griffin* v. *Wisconsin,* 483 U.S. 868 (1987). In that case the Supreme Court upheld, by a five-to-four vote the seizure of a weapon in the probationer's apartment by probation officers acting pursuant to a Wisconsin regulation that purported to authorize a warrantless search if there were "reasonable grounds" to believe contraband present. *Id.* at 871. The

---

[2] The challenged condition of her probation provides that the defendant must "[s]ubmit to any search of herself, her properties or any place where she then resides or is situate, with or without a search warrant, by a probation officer or by any law enforcement officer at the direction or by the request of the probation officer."

[3] The Commonwealth properly does not argue that, because no search has yet been made, the issue is not appropriate for decision at this time. An unlawful condition of probation may itself justify relief, even though no other action has been taken against the probationer. The threat of an unlawful search at any time and place should be enough to warrant an immediate judicial challenge to such a condition of probation.

Also, the Commonwealth properly does not argue that the petitioner assented to any unconstitutional condition of her probation. The coercive quality of the circumstance in which a defendant seeks to avoid incarceration by obtaining probation on certain conditions makes principles of voluntary waiver and consent generally inapplicable.

Court found it unnecessary to embrace the apparent position of the Supreme Court of Wisconsin that any search of a probationer's home by a probation officer satisfies the Fourth Amendment so long as the information possessed by the officer satisfies a Federal "reasonable grounds" standard. The Court preferred to express its view that the demands of the Fourth Amendment were met because the search "was carried out pursuant to a regulation that itself satisfies the Fourth Amendment's reasonableness requirement under well-established principles." *Id.* at 873.

The Supreme Court rejected any requirement that such a search be conducted only on probable cause in its traditional sense and analogized the case to administrative search cases in which lower standards justifying a search are applicable. *Id.* at 873-875. See *New York* v. *Burger,* 482 U.S. 691, 699-701 (1987); *United States* v. *Biswell,* 406 U.S. 311, 316 (1972); *Camara* v. *Municipal Court,* 387 U.S. 523, 538 (1967). See also *New Jersey* v. *T.L.O.,* 469 U.S. 325, 341-342 (1985). It is not easy, however, to determine from the Court's opinion whether the existence of a regulation governing searches of probationer's premises was essential to the Court's conclusion that a probationer may be subjected to a warrantless search by a probation officer where there are "reasonable grounds" to believe contraband is present. The dissent of Justice Blackmun, joined by Justice Marshall in this respect, without reference to the existence of regulations, accepts the principle "that special law enforcement needs justify a search by a probation agent of the home of a probationer on the basis of a reduced level of suspicion." 383 U.S. at 882 (Blackmun, J., dissenting). We suspect the Supreme Court would approve of a warrantless search of a probationer's residence based on a reasonable suspicion that evidence of a probation violation would be found.

We accept for art. 14 purposes the principle that a reduced level of suspicion, such as "reasonable suspicion," will justify a search of a probationer and her premises. There is a need to supervise such an offender both to aid in the probationer's rehabilitation and to ensure her compliance with the conditions

of probation. The lower standard will protect the public interest, while it also protects a probationer from unwarranted intrusions into her privacy. It appears doubtful that any standard below reasonable grounds or reasonable suspicion would meet Fourth Amendment requirements. It would not, in any event, meet art. 14 requirements.

Consequently, the order containing the challenged special condition of probation should be revised to authorize a search only on reasonable suspicion. We need not define here the limits of reasonable suspicion. Each case will depend on the circumstances, including the terms of probation, the nature of the supervision required, and, of course, the nature of the information on which the probation officer relied in deciding that a probation violation was reasonably suspected.[4] It may be that *Terry* v. *Ohio,* 392 U.S. 1, 30 (1968), and subsequent cases (see *New Jersey* v. *T.L.O.,* 469 U.S. 325, 341 [1985], and cases cited) will provide guidance in defining reasonable suspicion. See *United States* v. *Scott,* 678 F.2d 32, 35 (5th Cir. 1982) (expressly adopting *Terry* v. *Ohio* standard as governing probationer searches); *United States* v. *Bradley,* 571 F.2d 787, 790 n.4 (4th Cir. 1978) ("articulable grounds" must be advanced).[5]

---

[4] Other factors may be relevant, such as the extent to which persons other than the probationer would have their privacy invaded and the extent to which less intrusive means than a search would fulfil the needs of the probation officer. If drug tests would show whether a probationer had violated the condition of her probation that she not unlawfully use drugs, a warrantless search of her home for drugs on less than probable cause may not be necessary.

[5] We would not necessarily accept for State law purposes the Supreme Court's conclusion in the *Griffin* case that information that a probationer may have had a gun in his possession justifies a reasonable suspicion of a probation violation and that a search based on such a suspicion would meet the constitutional test of reasonableness. See *Griffin* v. *Wisconsin, supra* at 887-888 (Blackmun, J., dissenting); *id.* at 890 (Stevens, J., dissenting); *State* v. *Griffin,* 131 Wis. 2d 41, 64 (1986) (Abrahamson, J., dissenting); *id.* at 67 (Bablitch, J., dissenting).

Of course, the police may not properly use the probation office as a subterfuge to conduct a search of a probationer or her premises. See *Commonwealth* v. *Eagleton, ante* 199, 207 n.13 (1988); *Commonwealth* v. *Frodyma,* 386 Mass. 434, 445 (1982).

The Supreme Court divided in the *Griffin* case over the question whether under the Fourth Amendment a warrant was required in support of the search of the probationer's home. The Court held that no warrant was required. It may have reached that result because there was a State regulation governing the conduct of such searches and because that regulation provided that a probation officer must obtain his superior's approval of a warrantless search. Such a regulation would tend to discourage arbitrary conduct and to lend support to the reasonableness of any search. See *Commonwealth* v. *Bishop, ante* 449, 451 (1988), and cases cited. We suspect that a search warrant authorizing a search of a probationer's premises, issued on the basis of reasonable suspicion, would satisfy the Fourth Amendment, even if the search was not conducted pursuant to an administrative regulation. Quite apart, however, from the question whether the Fourth Amendment would impose a warrant requirement in the circumstances of our case (barring the applicability of one of the established exceptions to that requirement, such as exigent circumstances), we must consider whether there is any sound reason to eliminate the usual requirement imposed by art. 14 that a search warrant be obtained.

We are persuaded that a warrantless search of a probationer's home, barring the appropriate application of a traditional exception to the warrant requirement, cannot be justified under art. 14. Mr. Justice Blackmun's dissent in the *Griffin* case (joined on this point by Justices Brennan and Marshall) has the better of the argument concerning the propriety of a warrantless search of a probationer's home. *Griffin* v. *Wisconsin, supra* at 882-883. The Court's analogy to cases allowing warrantless administrative searches of regulated businesses is not persuasive. *Id.* at 873-875. We agree with Justice Abrahamson of the Supreme Court of Wisconsin, dissenting in *State* v. *Griffin,* that the issuance of a search warrant on a proper showing of reasonable cause "is not an undue burden on the probation officer and provides the protection for the probationer guaranteed by the constitutions [State and Federal]. Requiring an officer to articulate reasons for the search is a deterrent to impulsive or arbitrary governmental conduct — and that is what

the fourth amendment is about. Upholding the warrant require-
ments for searches of the probationer's home does not impede
the dual goals of probation, protecting the public and rehabili-
tation." *State* v. *Griffin,* 131 Wis. 2d 41, 65 (1986) (Abraham-
son, J., dissenting). See *Latta* v. *Fitzharris,* 521 F.2d 246,
257 (9th Cir. 1975) (Hufstedler, J., dissenting) ("The require-
ment that [a probation] officer articulate his reasons for making
a search before he searches is a substantial deterrent to impul-
sive and arbitrary official conduct and a real safeguard against
after-the-fact justification"), cert. denied, 423 U.S. 897 (1975);
4 W.R. LaFave, Search and Seizure § 10.10 (d), at 147-148
(2d ed. 1987) & at 8-9 (1988 Supp.) describing as "unconvinc-
ing" the *Griffin* Court's reasoning that the special needs of
Wisconsin's probation system make the warrant requirement
impracticable as to the search of a probationer's home on
reasonable suspicion). We express no view on whether the
adoption of statutorily authorized regulations, governing war-
rantless searches of probationers and providing for approval
of a supervisor, would meet the requirements of art. 14 and
make a search warrant unnecessary. See *Roman* v. *State,* 570
P.2d 1235, 1243-1244 (Alaska 1977).

We conclude that art. 14 bars the imposition on probationers
of a blanket threat of warrantless searches. Certain warrantless
searches, based on reasonable suspicion, will be proper if they
are conducted in circumstances in which a search warrant trad-
itionally has not been required. In addition, probation officers
have their traditional right to visit and meet with probationers.
It is searches, not visits, with which we are concerned in this
case. The reference in the special condition to the defendant's
obligation to submit to warrantless searches should be deleted.

We suggest that an appropriate condition of probation, re-
flecting conclusions stated in this opinion, could read as fol-
lows: "On the basis of a reasonable suspicion that a condition
of the probationer's probation has been violated, a probation
officer, or any law enforcement officer acting on the request
of the probation office, may search the probationer, her prop-
erty, her residence, and any place where she may be living,

and may do so with or without a search warrant depending on the requirements of law."

In this case, the judge had no intention of imposing an unconstitutional condition of probation. We see no need to reopen the question whether the defendant should be on probation at all if she would not agree to the condition purporting to give a right to blanket, warrantless searches. The Commonwealth does not argue that we should. The conditions of probation must be revised in accordance with this opinion, and the case is remanded to the Superior Court for that purpose.

*So ordered.*