Krupp, Peter B., J.
In a probation surrender notice dated February 11, 2015 (“the Notice”), defendant Lowell Ward was accused of violating probation based on 12 positive urine screens for marijuana between March 2014 and February 2015. Defendant moved to dismiss the Notice or for a finding that he did not violate his probation conditions, arguing that his use of marijuana does not constitute the use of illegal drugs following the decriminalization of possession of small amounts of marijuana under “An Act establishing a sensible State marijuana policy,” G.L.c. 94C, §§32L-N (“the Act”). At the surrender hearing on November 17, 2015, I denied the motion. I now write to explain my reasons.
BACKGROUND
Defendant was charged in this case with breaking and entering in the daytime with the intent to commit a felony in violation of G.L.c. 266, §18 (Count 1); larceny over $250 in violation of G.L.c. 266, §30(1) (Count 2); and attempting to commit a crime in violation of G.L.c. 274, §6 (Count 3). Based on convictions for similar offenses in 1986 and 1997 for which he received significant state prison sentences, the grand jury charged defendant as a habitual offender.
On January 9, 2009, after the Commonwealth agreed to dismiss the habitual offender enhancement, defendant pled guilty to all three charges. The Court (McEvoy, J.) sentenced him to 6 years to 6 years and one day on Count 1 nunc pro tunc to April 8, 2008 to run concurrently with defendant’s Middlesex Superior Court sentence on Docket No. 07-736; and five years of probation on Counts 2 and 3 to begin after completion of his prison sentence.[1] Defendant signed a Superior Court Probation Contract dated January 9, 2009, which, in relevant part, provided in paragraph 11: “You shall not receive, possess, control or transport any non-prescription drugs.”
Defendant was released from custody and began the probationary portion of his sentences on May 15, 2013. His probation was scheduled to be completed on May 15, 2018. He was supervised by the Suffolk probation office. On May 16, 2013, defendant signed an Order of Probation Conditions, which referenced Middlesex Docket Nos. 07-157 and 07-736. See, supra, at n. 1. In relevant part, it stated: “You shall not consume □ illegal drugs □ alcohol and shall submit to random testing as directed by the probation officer.” The box next to “illegal drugs” and the box next to “alcohol” were each checked.[2]
On January 15, 2014, the probation office filed a notice of surrender, alleging defendant failed to comply with various probation reporting requirements and, on January 15, 2014, tested positive for cocaine and marijuana. On June 26, 2014, defendant was found in violation of his probation conditions. The Court (Ball, J.) returned defendant to probation for the original term and on the same conditions, but required defendant also to attend regular Narcotics Anonymous meetings. There is no indication in the record that defendant advanced his current argument during this earlier surrender hearing.
In mid-February 2015, the probation office filed the current Notice, alleging a violation of defendant’s probation conditions based on positive urine tests for marijuana on 12 dates between March 4, 2014 and February 6, 2015. Aside from the positive test results for marijuana, the probation office has not alleged in the Notice any other violations of his probation conditions. After multiple continuances of the surrender hearing, defendant moved to dismiss the Notice or sought a finding that he did not violate his probation conditions due to the decriminalization of possession of less than an ounce of marijuana.[3]
DISCUSSION
As a result of a voter-approved initiative that took effect on December 4, 2008, “possession of one ounce or less of marihuana shall only be a civil offense, subjecting an offender who is eighteen years of age or older to a civil penalty of one hundred dollars and forfeiture of the marihuana, but not to any other form of criminal or civil punishment or disqualification.’’ G.L.c. 94C, §32L (emphasis added). Under the statute, “possession of one ounce or less of marihuana” is punishable by a civil citation administered pursuant to G.L.c. 40, §21D. See G.L.c. 94C, §§32L, 32N. In construing the Act, the Supreme Judicial Court has recognized “the clear intent of the people of the Commonwealth,” Commonwealth v. Cruz, 459 Mass. 459, 464-65 (2011), “to treat offenders who possess one ounce or less of marijuana differently from perpetrators of drug crimes.” Id. at 471. In this regard, the statute expressly attempts to mitigate the collateral consequences of being found in possession of an ounce or less of marijuana. It states: *125 G.L.c. 94C, §32L, para. 2. In light of the language and purposes of the Act, defendant argues his use of marijuana does not violate his probation conditions.[4] I disagree for several reasons.
*124 neither the Commonwealth nor any of its political subdivisions or their respective agencies, authorities or instrumentalities may impose any form of penalty, sanction or disqualification on an offender for possessing an ounce or less of marihuana. By way of illustration rather than limitation, possession of one ounce or less of marihuana shall not provide a basis to deny an offender student financial aid, public housing or any form of public financial assistance including unemployment benefits, to deny the right to operate a motor vehicle or to disqualify an offender from serving as a foster parent or adoptive parent.
*125 First, the Act “did not legalize the possession of marijuana; it merely decriminalized the possession of small amounts . . . Such possession remains a civil offense and . .. subjects the offender to a civil penalty and forfeiture of the marijuana.” Commonwealth v. Rodriguez, 472 Mass. 767, 778 (2015) (Cordy, J., dissenting). See also Commonwealth v. Cotto, 471 Mass. 97, 120 n.20 (2015). Marijuana continues to be an “illegal” drug under civil and criminal law.[5]
Second, probation routinely requires and prohibits conduct of probationers that is not required of, or prohibited for, citizens who are not on probation. Probationers, for example, may reasonably be prohibited from consuming alcohol, which other members of the public can consume freely; and probationers may be required to report in person to probation, to be randomly tested for illegal substances without particularized cause, to have their whereabouts monitored electronically, and to disclose certain information to probation. Probation may require or prohibit such conduct because probation is, among other things, a form of criminal punishment.[6] See United States v. Knights, 534 U.S. 112, 119 (2001) (“Just as other punishments for criminal convictions curtail an offender’s freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens”).
Third, defendant knew that he was not permitted to possess and use marijuana. The probation contract from 2009 and the set of probation conditions signed in 2013 prohibited defendant from possessing and using illegal, non-prescribed drugs. In addition, when defendant violated probation, in part, because he tested positive for marijuana and he was returned to probation, the court found him in violation of probation for, among other things, his use of marijuana and ordered that he attend Narcotics Anonymous meetings. From these events, defendant should have been fully aware that his possession and use of marijuana were violations of his probation.
Finally, finding defendant in violation of his probation conditions for his possession and use of marijuana, and imposing a sanction as a result, does not transgress the prohibition contained in G.L.c. 94C, §32L, para. 2. A sanction following the finding of a violation of probation is not a punishment for the offending conduct, but the imposition of a punishment for the underlying offense for which the defendant is on probation. See, e.g., Commonwealth v. Goodwin, 458 Mass. 11, 15 (2010).
In support of his position, defendant does not point to any case arising in the context of a probation violation. Instead, he relies on the recent cases barring law enforcement from basing probable cause to conduct a search on the odor of marijuana or on possession of less than an ounce of marijuana. See Rodriguez, 472 Mass, at 777; Commonwealth v. Sheridan, 470 Mass. 752, 763 (2015); Commonwealth v. Craan, 469 Mass. 24, 35 (2014); Commonwealth v. Overmeyer, 469 Mass. 16, 23 (2014); Cruz, 459 Mass. at 476-77. These decisions are inapplicable. In the context of probation supervision, drug testing is a routine procedure and use of marijuana may reasonably be prohibited.
For the foregoing reasons, I have found defendant in violation of his probation and returned him to probation on the same conditions, but with his probation extended for an additional six months and with additional conditions.

 Middlesex Docket No. 07-736, defendant pled guilty to breaking and entering in the daytime with intent to commit a felony and larceny over $250. He was sentenced to 5 years to 5 years and a day in state prison, with five years of probation to follow. According to his criminal record, when defendant was sentenced on 07-736, he received the same sentence, including the five years of probation, on similar charges in Middlesex Docket No. 07-157.

 A standard condition of probation reflected on the Order of Probation Conditions is that the probationer “shall obey all local, state, and federal laws and all court orders.” (Emphasis added.) It is a federal misdemeanor to possess even small quantities of marijuana for personal use. See 21 U.S.C. §844(a).

 After defendant’s initial appearance on March 2, 2015, defendant appeared in court on March 16, May 26, July 21, October 15, and November 17, 2015. The record does not satisfactorily explain why the surrender hearing was continued on so many occasions or why the issue now raised was not raised earlier. 11118 type of continuance of a surrender hearing can serve a salutary purpose by allowing a defendant time to establish a track record of successful compliance with probation conditions. Here it appears defendant has not committed any new offenses, but recently has not reported as directed by probation. This history is relevant to my ultimate decision of what sanction to impose on finding defendant in violation of probation. It demonstrates defendant’s ability, although not his full commitment, to comply with the court’s probation terms and not to return to criminal conduct. While probation is a punishment, it is often viewed more practically as a structured set of monitored rules designed to ease, assist and monitor a person’s reentry into society following a criminal conviction or incarceration. It is very much in the public interest that a defendant be able to demonstrate to the court and to himself a successful history of law-abiding conduct while on probation.

 Defendant argues implicitly that, at most, the court can infer from his positive urine tests that he had been in possession of under an ounce of marijuana. The Commonwealth does not contest this assumption, which is both reasonable and consistent with the statute. See G.L.c. 94C, §32L (“ ‘possession of one ounce or less of marihuana’ includes . . . having cannabinoids or cannibinoid [sic] metabolites in the urine ... or other tissue or fluid of the human body”).

 “Illegal” does not mean criminal; it means prohibited by law. See Black’s Law Dictionary 815 (9th ed. 2009) (“illegal” means “forbidden by law; unlawful”); Commonwealth v. Brown, 456 Mass. 708, 721 (2010) (“lawful possession is possession that is not illegal”).

 Probationers even have reduced expectations of privacy under the United States Constitution and the Massachusetts Declaration of Rights. See United States v. Knights, 534 U.S. 112, 119 (2001); Commonwealth v. LaFrance, 402 Mass. 789, 792 (1988). For instance, a probationer may be searched based on “reasonable suspicion,” although “probable cause” is ordinarily required to search others. LaFrance, 402 Mass. at 792-93.