NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-944                                          Appeals Court
18-P-945


COMMONWEALTH  vs.  GEORGE SHIPPS.[1]


Nos. 18-P-944 & 18-P-945.

Suffolk.     March 1, 2019. - February 7, 2020.

Present:  Maldonado, McDonough, & Englander, JJ.


Obscenity, Child pornography.  Cellular Telephone.  Practice,
    Criminal, Revocation of probation, Motion to suppress.
    Constitutional Law, Search and seizure.  Search and
    Seizure, Probationer, Expectation of privacy, Fruits of
    illegal search.


    Indictments found and returned in the Superior Court
Department on March 25, 2010.

    A motion to suppress evidence in a proceeding for
revocation of probation was heard by Robert N. Tochka, J., and
questions of law were reported by him to the Appeals Court.

    Indictments found and returned in the Superior Court
Department on July 7, 2016.

    A pretrial motion to suppress evidence was heard by Tochka,
J.; a motion for reconsideration was considered by him; and
questions of law were reported by him to the Appeals Court.

_____

    [1] This appeal involves two cases by the Commonwealth against
the same defendant.

Eric A. Haskell, Assistant Attorney General, for the Commonwealth.

Patrick Levin, Committee for Public Counsel Services, for the defendant.

McDONOUGH, J.  In this appeal, we address the constitutionality of a cell phone search conducted by a probation officer pursuant to a condition of probation.  The condition was imposed following the defendant's guilty pleas to child pornography crimes committed while using an electronic device, namely, a computer.  It authorized the probation department to conduct unannounced searches of the defendant's electronic devices "for the purpose of monitoring compliance with" other conditions, one of which required that the defendant not "view, possess, or access any pornographic images or movies of any kind."

During such a search of the defendant's cell phone, limited exclusively to opening a photograph application (photo application), a probation officer immediately recognized images of child pornography, at which point he ended the search.  This discovery triggered a notice of probation violation for possession of child pornography (probation case).  In addition, the discovery was used to obtain a search warrant for the defendant's residence.[2]  When the State police executed that

---

[2] The State police later obtained another search warrant authorizing a search of the defendant's cell phone, which had

warrant, they seized two "thumb drives" and a laptop computer containing approximately one hundred images of child pornography. A grand jury indicted the defendant on a charge of possession of child pornography, as a subsequent offense (criminal case).

The defendant moved to suppress the child pornography images in both his probation case and his criminal case. A Superior Court judge denied the motion in the probation case, but allowed the motions in the criminal case. After denying the Commonwealth's motion for reconsideration, the judge allowed the Commonwealth's motion to report to this court the following two questions of law:

> 1. "Can the fruits of the probation officer's search of the defendant's cell phone pursuant to a probation condition authorizing the Department of Probation to inspect and search any of the defendant's electronic devices, including his cell phone, without prior announcement be admitted into evidence in a subsequent probation violation proceeding in SUCR2010-10335?"
>
> 2. "Can the fruits of a search of the defendant's residence pursuant to a search warrant, obtained based on information gathered as a result of the probation officer's search of the defendant's cell phone, be admitted into evidence in the defendant's criminal trial (SUCR2016-00512)?"

See Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004).

---

remained in the possession of the police after the child pornography images were found by the probation officer.

On the facts and circumstances presented by this appeal, with certain qualifications explained infra, we answer both questions in the affirmative.  We therefore affirm the order denying the defendant's motion to suppress in his probation case, and reverse the orders allowing the motions to suppress in his criminal case.

Background.  1.  Probation conditions.  In 2011, the defendant pleaded guilty to eight counts of child pornography, including possession and dissemination of several thousand images of child pornography depicting children, some prepubescent, and others as young as infants, engaged in sex acts.[3]  A judge sentenced the defendant to three to five years in prison, followed by an aggregate term of ten years' probation.  One probation condition forbade the defendant from "view[ing], possess[ing], or access[ing] pornographic images or movies of any kind."  A related condition required the defendant to "allow the Department of Probation to inspect and to search, without prior announcement, any computer, electronic device, digital media, videotape, photographs or other item capable of storing

---

[3] At the defendant's change of plea hearing, he admitted to using his computer to participate in online peer-to-peer file sharing of child pornography, and to possessing thousands of computer files of child pornography, some depicting children as young as infants.

photographs, images, or depictions, for the purpose of monitoring compliance with these conditions of probation."[4]

2. <u>Motions to suppress</u>.[5]  "When reviewing a motion to suppress, we accept the subsidiary findings of fact made by the motion judge and give deference to the judge's ultimate conclusions that are supported by the evidence.  Nevertheless, where the ultimate findings and rulings bear on issues of constitutional dimension, they are open for review" (quotation and citations omitted).  <u>Commonwealth</u> v. <u>McDermott</u>, 448 Mass. 750, 762, cert. denied, 552 U.S. 910 (2007).  The parties do not contest the judge's findings of fact, which we summarize, supplemented by uncontroverted testimony and representations that are consistent with the findings.  See <u>Commonwealth</u> v. <u>Jones-Pannell</u>, 472 Mass. 429, 431 (2015).

a.  <u>Probation officer's warrantless search of cell phone</u>. In April 2016, the defendant, who had completed the prison sentence imposed in his prior criminal case, attended a regularly scheduled visit with his probation officer, Edward Phillips, at the Suffolk County Court House.  Phillips reviewed

---

[4] The defendant raised no objection to the probation conditions at his sentencing, nor did he appeal from his sentence, which included those conditions.

[5] By agreement of counsel, the motion judge conducted a single evidentiary hearing covering the defendant's motions to suppress in both his probation case and his criminal case.

the defendant's probation conditions with him, as Phillips had done "at least every other office visit."  After reviewing the condition permitting unannounced searches of the defendant's electronic devices, Phillips asked the defendant, in a "[p]olite and respectful" tone, "[M]ay I see your phone?"[6]  Phillips did not then suspect that there were any pornographic images on the cell phone.  Without protest, the defendant, who remained "relatively calm" and did not appear confused or intoxicated, removed his cell phone from his pocket and handed it to Phillips.  The cell phone was already turned on and unlocked.  On the screen, Phillips saw a photo application "out in the open"; it was not "in a hidden folder or anything like that."  Phillips accessed the application and saw "images that [he] believe[d] to be child pornography," which "came right up."[7]

---

[6] During past reviews of this probation condition, the defendant never objected to it.

[7] There was no finding from the motion judge concerning how long the search took.  From our reading of the transcript of Phillips's testimony, it appears his search took but seconds:

Q.:  "Can you tell us what happened during the visit?"

A.:  "I reviewed the conditions of probation with Mr. Shipps, and after reviewing the [device inspection] condition . . . , I asked him to turn his phone over to me for inspection.  He voluntarily handed it over.  I . . . hit the photos app on the [unlocked] phone, observed images that I believe to be child pornography.  I showed him the phone, asked him if he believed that those images were appropriate. He answered, no. . . ."

Phillips asked the defendant if he thought the images were appropriate. While remaining calm, the defendant responded, "[N]o." Phillips did not access any other applications on the cell phone. The child pornography images were the "first -- the only thing" Phillips looked at on the cell phone, and he did not "click on anything else."

When Phillips began preparing a probation violation notice, the defendant asked if he could delete the pornographic images from his cell phone. Phillips responded, "[A]bsolutely not." Phillips then called in the probation department assistant chief, who read Miranda rights to the defendant, brought him into the magistrate session, and told him to stay there. When Phillips subsequently saw the defendant standing in the hallway near the elevators, Phillips advised the defendant that he needed to stay in the court room. Instead, the defendant fled the court house, and soon thereafter, at the probation department's request, a judge issued a warrant for the defendant's arrest.

The defendant filed a motion to suppress in his probation case. He argued that the probation officer's search was not based on reasonable suspicion that the cell phone contained images of child pornography, relying on Commonwealth v. LaFrance, 402 Mass. 789, 795 (1988) ("art. 14 bars . . . blanket threat of warrantless searches"), and Commonwealth v. Waller, 90

Mass. App. Ct. 295, 304-305 (2016) (probation condition allowing suspicionless searches of defendant's home impermissible).  The judge denied the defendant's motion.  He concluded that because Phillips did not have reasonable suspicion that the defendant's cell phone contained pornographic images, the search and seizure were unlawful under the principles of Commonwealth v. Moore, 473 Mass. 481, 487 (2016) (noting that court "decided in LaFrance[, 402 Mass. at 792-793,] that art. 14 guarantees that any condition of probation compelling a probationer to submit to searches must be accompanied by reasonable suspicion . . . [and] [t]his interpretation remains the standard for probationer searches under art. 14"); LaFrance, 402 Mass. at 792 ("for art. 14 purposes . . . 'reasonable suspicion' . . . will justify a search of a probationer and her premises"); and Waller, 90 Mass. App. Ct. at 304 ("Under art. 14, a reduced level of suspicion, such as 'reasonable suspicion,' will justify a search of a probationer and her premises, but any standard below . . . reasonable suspicion will not" [quotations and citation omitted]).  Nevertheless, the judge declined to apply the exclusionary rule to the evidence in the defendant's probation case.  He reasoned that "[i]n the unique circumstances of this case, where Phillips . . . was merely enforcing the probation conditions that the court imposed on [the defendant] . . . , applying the exclusionary rule . . . would have no deterrent

effect on police misconduct or the misconduct of probation officers and 'would be unlikely to serve any deterrent purpose.' Commonwealth v. Simon, 57 Mass. App. Ct. 80, 87 (2003)."[8]

b. State police searches conducted pursuant to warrants. State Police Sergeant Erik Gagnon obtained a search warrant based on the child pornography images seized through Phillips's search of the defendant's cell phone, and on his flight from the court house. The warrant sought child pornography images on the defendant's electronic devices located in the bedroom and common areas of his residence. The execution of the warrant led to the seizure of two thumb drives and a laptop computer containing approximately one hundred images of child pornography. Thereafter, Gagnon applied for and was granted a warrant to search the defendant's cell phone. The defendant then filed, in his criminal case, two motions to suppress: (1) a motion to suppress the evidence obtained from Phillips's warrantless

---

[8] In denying the defendant's motion to suppress in his probation case, the judge relied on Commonwealth v. Olsen, 405 Mass. 491, 493 (1989) ("In Federal law and in most jurisdictions, the exclusionary rule does not apply as a matter of course to probation revocation proceedings because the application of the exclusionary rule is restricted to those areas where its remedial objectives are thought most efficaciously served [quotation and citation omitted]), and Simon, 57 Mass. App. Ct. at 88 (even if involuntary, probationer's admission that he had been driving without license was admissible in probation revocation proceeding because there was no evidence of police harassment or improper police focus).

search of the cell phone, in which he argued that the search was unconstitutional because it was not supported by reasonable suspicion; and (2) a motion to suppress the evidence obtained from the cell phone, laptop computer, and thumb drives that were seized pursuant to search warrants, in which he argued, in essence, that this evidence was the "fruit of the poisonous tree," as the search warrants were issued based on evidence obtained from Phillips's unlawful search of the cell phone.  The judge allowed the defendant's motions to suppress in the criminal case.  In a margin order, the judge indicated that while Phillips's suspicionless search of the cell phone was unlawful, the evidence obtained from that search was admissible in the probation case because the exclusionary rule was not applicable to a probation violation hearing; however, the exclusionary rule applied in the criminal case and prohibited the admission of the evidence obtained from Phillips's search and the evidence obtained from the execution of the search warrants.

Discussion.  On appeal, the defendant contends that Phillips's search violated his rights under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights because Phillips had no reasonable suspicion that the cell phone contained pornographic images.  We disagree.  We conclude that on the facts and

circumstances before us, Phillips properly conducted an unannounced, limited search of the defendant's cell phone photo application pursuant to an enforceable condition of his probation.[9]

Pursuant to G. L. c. 276, § 87, a judge may place a defendant on probation "for such time and upon such conditions as [the judge] deems proper."  As a result, a probationer "lawfully may be subjected to reasonable restraints on freedoms enjoyed by law-abiding citizens" (quotation and citation omitted).  Commonwealth v. Feliz, 481 Mass. 689, 700 (2019).  A probationer's "liberty interest is conditional, granted . . . as a matter of grace by the Commonwealth" (quotation and citation omitted).  Commonwealth v. Kelsey, 464 Mass. 315, 321 (2013).  Consequently, that liberty interest "depends on that defendant's

---

[9] In the Superior Court, the defendant raised no facial challenge to the constitutionality of the probation condition at issue.  On appeal, his brief devotes two sentences to the issue, claiming, in conclusory fashion, that the condition "was not 'facially valid.'"  Thus, we do not address that issue.  See Commonwealth v. Harris, 481 Mass. 767, 774 (2019) (issue not raised below is waived); Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 848 n.26 (2019) (court need not address issue not adequately briefed).  We note, however, that "[a] facial challenge is an attack on a statute itself as opposed to a particular application . . .  [and] [f]acial challenges are disfavored because they run contrary to the fundamental principle of judicial restraint" (quotations and citations omitted).  Harris, supra at 771.

compliance with the conditions imposed by the sentencing judge."
Commonwealth v. Eldred, 480 Mass. 90, 97 (2018).

When crafting a probation condition, the judge should consider "[t]he primary goals of probation[,] . . . rehabilitation of the defendant and protection of the public from the defendant's potential recidivism." Eldred, 480 Mass. at 95. See Waller, 90 Mass. App. Ct. at 304 (noting goals of probation also include punishment, deterrence, and retribution). In order to effectuate those goals, a judge may impose a condition that "remove[s] the defendant from situations in which [the defendant] presents a danger and . . . eliminate[s] the risk" of future recidivism. Commonwealth v. Lapointe, 435 Mass. 455, 460 (2001). A sentencing judge has "great latitude in imposing conditions of probation" because "[t]he success of probation as a correctional tool depends on judges having the flexibility at sentencing to tailor probation conditions to the circumstances of the individual defendant and the crime that [the defendant] committed" (quotation and citation omitted). Eldred, supra at 95, 96. Consequently, a probation condition is "enforceable so long as the condition is reasonably related to the goals of sentencing and probation . . . [e]ven where a condition of probation affects a constitutional right"

(quotation omitted).[10]  Id. at 96 (random drug and alcohol testing reasonably related to goal of addressing substance abuse issue that motivated defendant to commit larceny).  See, e.g., Commonwealth v. Obi, 475 Mass. 541, 542, 548 (2016) (upholding probation condition mandating that defendant landlord disclose conviction of assaulting tenant and harassment prevention orders obtained by tenants to all prospective tenants in interest of promoting public safety); Lapointe, supra (probation condition forbidding defendant from residing with minor children [including his own] properly tailored to prevent recidivism where defendant lived with prior victims, sexually abused his own daughter, and leveraged familial connections to perpetrate sexual abuse); Waller, supra (probation condition prohibiting defendant from owning animals reasonably related to conviction of animal cruelty); Commonwealth v. Veronneau, 90 Mass. App. Ct. 477, 481-482 (2016) (holding that probation condition requiring firearms surrender was reasonable given defendant's conviction

---

[10] In Eldred, 480 Mass. at 96, the Supreme Judicial Court concluded that "[a]lthough random drug and alcohol testing constitutes a search and seizure for constitutional purposes under art. 14 of the Massachusetts Declaration of Rights, such testing is nonetheless a permissible condition of probation so long as it is reasonably related to legitimate probationary goals."  Here, the defendant maintains that any reference to art. 14 in Eldred is dictum, because the defendant in that case challenged the probation condition requiring her to remain drug-free, rather than the condition imposing the drug screens themselves.  We are unpersuaded by the distinction.

of carrying loaded firearm while under influence of intoxicating liquor).  Cf. Commonwealth v. Guzman, 469 Mass. 492, 493, 497-500 (2014) (judge erred by not imposing statutory global positioning system monitoring as condition of probation of person convicted of dissemination of visual material depicting child in state of nudity or sexual conduct; applying "rational basis" test, statutory condition did not violate due process).  Contrast Commonwealth v. Pike, 428 Mass. 393, 393-394, 404-405 (1998) (invalidating probation condition banning defendant from Commonwealth following conviction of unauthorized use of motor vehicle where condition did not advance any public safety goal or aid rehabilitation).

Although probation conditions may infringe on constitutional rights, "the government does not have an 'unlimited' ability to infringe upon a probationer's still-existing, albeit diminished, expectations of privacy."  Feliz, 481 Mass. at 700-701.  See id. at 690-691 ("Article 14 requires an individualized determination of reasonableness in order to conduct more than minimally invasive searches, and [global position system] monitoring is not a minimally invasive search"); LaFrance, 402 Mass. at 795 ("art. 14 bars the imposition on probationers of a blanket threat of warrantless searches").  Cf. Moore, 473 Mass. at 487 (individualized suspicion is required to search parolee's home).  The case law

accordingly requires that courts assess whether the burden imposed on the probationer is reasonable in light of the Commonwealth's legitimate interests in rehabilitation of the probationer and protection of the public. See Feliz, supra at 700-701. "The more tenuous the relationship between a given condition and the goals of probation, and the more extensively a constitutional right is burdened, the less likely the condition is to be permissible." Obi, 475 Mass. at 547.

When assessing a search for "constitutional reasonableness," "courts conduct a balancing test that weighs the need to search or seize against the invasion that the search or seizure entails," based on the "totality of the circumstances" (quotations and citations omitted). Feliz, 481 Mass. at 700, 701. A probationer's "diminished expectation of privacy relative to the general population . . . informs our assessment of both the degree to which [a search] intrudes upon an individual's privacy and the degree to which it is needed for the promotion of legitimate governmental interests" (quotations and citation omitted). Id. at 700. In Commonwealth v. Feliz, the Supreme Judicial Court held that a statute[11] requiring judges to impose global positioning system (GPS) monitoring as a condition of probation for individuals convicted of most sex

---

[11] See G. L. c. 256, § 47.

offenses was "overinclusive in that GPS monitoring will not necessarily constitute a reasonable search for all individuals convicted of a qualifying sex offense." Id. at 690. Thus, "[t]o comport with art. 14, prior to imposing GPS monitoring on a given defendant, a judge is required to conduct a balancing test that weighs the Commonwealth's need to impose GPS monitoring against the privacy invasion occasioned by such monitoring." Id. at 691. As to Feliz, the court concluded that the privacy invasion (specifically, the breadth of continuous information the GPS monitor collected, the physical intrusion of a device attached to the body for an extended period of time, and the level of intrusion into Feliz's ability to work) outweighed the Commonwealth's reason for imposing GPS monitoring because the Commonwealth did not establish that Feliz posed a threat of violating the terms of his probation or that the GPS monitoring assisted in his rehabilitation or protected children. See id. at 704-709. Conversely, in Commonwealth v. Johnson, 481 Mass. 710, 726-727 (2019), the court held that "[s]imply comparing subsets of the defendant's GPS location data recorded while he was on probation to the general times and places of suspected criminal activity during the probationary period is not a search in the constitutional sense." The court concluded that the "targeted" use of this stored data was "quite different from . . . rummaging through the defendant's historical GPS

location data indiscriminately." Id. at 727. In addition, the court noted that "[s]o long as the review is targeted at identifying the defendant's presence at the time and location of particular criminal activity during the probationary period, it is not a search, as such review is consistent with a probationer's limited expectations of privacy." Id.

Here, the Commonwealth argues that Phillips's targeted, limited search of a single photo application on the defendant's cell phone for prohibited pornography in accordance with a condition of probation was proper. The Commonwealth contends that the condition was tailored to the child pornography crimes using an electronic device for which the defendant was placed on probation, and advanced the probationary goals of rehabilitation and protection of the public. We agree. Phillips's limited cell phone photo application search precisely targeted the very criminal conduct to which the defendant admitted when he pleaded guilty -- using his electronic device to possess child pornography. Consequently, we conclude that Phillips's search was "narrowly tailored" to fit the defendant's crimes. Eldred, 480 Mass. at 95, quoting Criminal Sentencing in the Superior Court: Best Practices for Individualized Evidence-Based Sentencing, Principle 8 (2016) ("Special conditions of probation should be narrowly tailored to the criminogenic needs of the defendant/probationer while providing for the protection of the

public and any victim").  See Obi, 475 Mass. at 547 ("The goals [of probation] are best served if the conditions of probation are tailored to address the particular characteristics of the defendant and the crime" [quotation and citation omitted]). See, e.g., Lapointe, 435 Mass. at 457, 460-461; Veronneau, 90 Mass. App. Ct. at 481-482; Waller, 90 Mass. App. Ct. at 304. Contrast Pike, 428 Mass. at 405 (invalidating probation condition prohibiting defendant, who was convicted of unauthorized use of motor vehicle, from entering Massachusetts because Commonwealth failed to "explain how the defendant's presence on a Massachusetts roadway, as opposed to a roadway in some other State, was a critical influence sparking his criminal conduct").

Just as importantly, Phillips's search reasonably advanced the probationary goals of rehabilitation and public safety. "The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance. . . .  In addition, the Commonwealth has a vital interest in rehabilitating convicted sex offenders, . . . in part because rehabilitation protects the public, by reducing the possibility of future offenses" (quotations omitted).  Feliz, 481 Mass. at 702.  "[T]he Commonwealth also has a vital interest in protecting the children exploited by the [child pornography] production process. . . .  The reproduction and dissemination of

child pornography itself harms the children who are depicted and revictimized with each viewing" (quotation omitted).  Id. at 703.  See Lapointe, 435 Mass. at 460 (judge may impose probation condition "remov[ing] the defendant from situations in which [the defendant] presents a danger" to others to deter future offenses).

We also agree with the Commonwealth that the search permitted by this probation condition strikes a proper balance between maintaining the defendant's privacy interests and advancing the Commonwealth's interests in rehabilitation and public safety.  See Feliz, 481 Mass. at 700-701.  Phillips's brief and limited search of a single cell phone photo application is akin to the "one-time, minimal physical intrusion" generated through deoxyribonucleic acid, drug, and alcohol testing.  Id. at 704.  See Eldred, 480 Mass. at 96.  The probation condition at issue limited Phillips to "monitoring [the defendant's] compliance" with the condition forbidding Phillips from possessing pornographic images of any kind on his electronic devices.  Phillips's limited, defined search stands in stark contrast to the impermissible "blanket" searches in LaFrance, 402 Mass. at 790 (concluding that probation condition requiring defendant to "submit to search of herself, her possessions, and any place where she may be, with or without a search warrant, on request of a probation officer" was

unconstitutional), and Waller, 90 Mass. App. Ct. at 304

(concluding that probation condition ordering that defendant's

home "be open for mandatory random inspections" was

unconstitutional).[12]  Although the defendant correctly highlights

that cell phones contain a great deal of personal information,[13]

in this case, Phillips hardly "rummag[ed] through . . . [the

---

[12] We reject the defendant's contention, raised in a letter submitted pursuant to Mass. R. A. P. 16 (l), as appearing in 481 Mass. 1634 (2019), that Phillips's search was unlawful under our recent decision in Commonwealth v. Judge, 95 Mass. App. Ct. 103 (2019).  There, we held that evidence seized from a parolee's home during a routine unannounced parole home visit -- permitted under the terms of the parole manual -- without prior reasonable suspicion must be suppressed because, among other reasons, the visit was not conducted pursuant to a neutral written policy providing standard procedures and limiting parole officer discretion.  See id. at 109-110.  The defendant argues that Phillips's search was unlawful under Judge because administrative and special needs searches "generally must be conducted pursuant to a neutral policy that limits both arbitrariness and the discretion of the officials conducting the search."  Id. at 108.  We disagree.  Unlike in the instant case, there was no discussion in Judge of any relationship between the nature of the defendant's underlying offense and whether the subject parole condition addressed any unique circumstance of his offense.

[13] "It is well established that under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, the police are ordinarily required to obtain a search warrant before a search of the contents of an electronic device may take place.  See, e.g., Riley v. California, 573 U.S. 373, 386 (2014) (cell phones); Commonwealth v. Mauricio, 477 Mass. 588, 594 (2017) (digital cameras); Commonwealth v. McDermott, 448 Mass. [at] 776 . . . (computers)."  Commonwealth v. Jones, 481 Mass. 540, 549 n.11 (2019) (remanding for entry of order compelling defendant to enter password into cell phone for which Commonwealth had search warrant).

defendant's cell phone] data indiscriminately." Johnson, 481 Mass. at 727. When the defendant, upon request and without protest, handed Phillips his activated and unlocked cell phone, Phillips -- almost immediately and without searching through other images or opening any other applications -- accessed child pornography images in the photo application; thus, the inspection was minimally invasive.[14] The narrow, targeted manner in which Phillips's search was performed allowed the probation department to advance the defendant's rehabilitation, and protect the public, while still maintaining the defendant's legitimate rights of privacy. Indeed, we find it difficult to imagine how the probation department could effectively monitor the defendant's adherence to the condition that he not possess child pornography on his cell phone, absent a condition permitting this unannounced, targeted search.

---

[14] We reiterate that before the defendant permitted Phillips to search his cell phone photo application, the defendant was well aware that the conditions of his probation prohibited him from viewing, possessing, and accessing pornography and allowed unannounced searches of all his electronic devices, both from having reviewed the conditions with his counsel, and from Phillips's regular spoken reminders about these conditions. Consequently, as with the GPS monitoring data at issue in Johnson, the defendant "could not reasonably expect that" the images of child pornography he stored on his cell phone "would remain private from government eyes." Johnson, 481 Mass. at 725. Thus, the defendant "could have no reasonable expectation of privacy" in the images Phillips discovered pursuant to the conditions of probation imposed "to target [the defendant's] criminal activity during the probationary period." Id.

In light of the importance of the probationary goals that the condition promoted, especially the vital public safety interest in preventing the sexual exploitation and abuse of children, we conclude that Phillips's brief, limited, and targeted search permitted by this probation condition, was reasonably enforced, and did not violate the defendant's rights under the Fourth Amendment and art. 14. Further, as Phillips's search was proper, the use of the evidence obtained from that search to secure the search warrants was proper. Thus, the evidence obtained through Phillips's search and the execution of the search warrants is not subject to the exclusionary rule.[15]

---

[15] We disagree with the defendant's argument -- advanced for the first time on appeal -- that suppression of the seized child pornography images stored on his cell phone is mandated by Riley v. California, 573 U.S. 373 (2014), where the United States Supreme Court held that a warrant is generally required prior to the search of a cell phone incident to arrest. Riley is inapposite to the facts and circumstances of the present case. Riley involved an unrestricted search of a cell phone in the possession of an arrestee, not a probationer, who has a significantly lower expectation of privacy. See United States v. Knights, 534 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled" [quotations and citations omitted]). There is no suggestion in Riley that its rationale extends to targeted cell phone searches restricted to monitoring compliance with lawfully imposed conditions of probation. To the contrary, Riley, supra at 401-402, makes clear that "even though the search incident to arrest exception does not apply to cell phones, other case-specific exceptions may still justify a warrantless search of a particular phone." When the police seized and later searched Riley's cell phone, he had not been convicted of any crime. Thus, unlike the defendant, Riley enjoyed the presumption of innocence. See United States v. Pacheco, 884 F.3d 1031, 1043-1044 (10th Cir.

Conclusion. We answer the reported questions in the affirmative, as follows:

1. Where the probation officer's unannounced, suspicionless, and targeted search of the defendant's cell phone photo application, which yielded images of child pornography, (i) was conducted pursuant to a valid condition of probation permitting such searches of the defendant's electronic devices, (ii) was narrowly tailored to the defendant's underlying conviction of possessing child pornography images on an electronic device, (iii) advanced legitimate probationary and

---

2018) (declining to apply Riley to cell phone search following arrest of parolee); United States v. Johnson, 875 F.3d 1265, 1275 (9th Cir. 2017) (same); United States v. Jackson, 866 F.3d 982, 985 (8th Cir. 2017) (warrantless search of cell phone while defendant was on supervised release was constitutional because "Riley addressed privacy interests of an arrestee, not the circumscribed interests of an offender serving a term of supervised release"); United States v. Hilton, 625 F. App'x 754, 760 (6th Cir. 2015) (defendant's "supervised release terms surely provide one of the[] exceptions" to warrant requirement noted in Riley); Commonwealth v. Murray, 174 A.3d 1147, 1155 (Pa. Super. 2017) ("Riley is inapplicable to [a search of a parolee's cell phone] because of [his] status as a parolee"). But see United States v. Lara, 815 F.3d 605, 609-612 (9th Cir. 2016) (holding that suspicionless searches of defendant's cell phone pursuant to probation agreement were unreasonable because under Riley defendant had substantial privacy interest in his cell phone data and although that interest was diminished, it outweighed government's interest where search condition of probation agreement was unclear, defendant had not been convicted of particularly serious offense, and strength of government's interest depended on reason it suspected probationer was reoffending or jeopardizing his reintegration into community and defendant had merely missed meeting with probation officer).

public safety objectives, and (iv) balanced the defendant's privacy interest and the Commonwealth's interests in the rehabilitation of the defendant and the protection of the public, the fruits of that search are admissible in the probation violation proceeding.

2.  Where the State police searches of the defendant's residence -- conducted pursuant to warrants issued based on the probation officer's search of the defendant's cell phone -- yielded additional images of child pornography, the fruits of those searches are admissible in the defendant's criminal case.

Accordingly, we affirm the order denying the defendant's motion to suppress in his probation case, and we reverse the orders allowing the defendant's motions to suppress in his criminal case.

<u>So ordered</u>.