COMMONWEALTH vs. MICHAEL ROLLINS. No. 01-P-1064. September 12, 2003. *Motor Vehicle*, Operating under the influence. *Intoxication. Evidence*, Intoxication, Failure to produce witness. *Practice, Criminal*, Instructions to jury. Further appellate review granted, 440 Mass. 1105 (2003).

On appeal from his conviction of operating a motor vehicle while under the

influence of alcohol,[1] the defendant challenges both the denial of his motion for a required finding of not guilty and the giving of a missing witness instruction. We affirm.

1. *Diminished capacity*. The evidence, viewed in the light most favorable to the Commonwealth, was more than sufficient to support a finding of operation with diminished capacity. See *Commonwealth* v. *Orben*, 53 Mass. App. Ct. 700, 705-706 (2002). The defendant, seen speeding through a residential neighborhood in Danvers, did not immediately respond to the blue lights of the pursuing patrol car, but instead continued another 200 yards or so along the road before turning onto an entrance ramp to a limited access highway, veering off the ramp, and finally stopping. The defendant's eyes were red and watery, his breath carried a strong odor of liquor, and he appeared unsteady as he walked. He failed three field sobriety tests — he was unable to recite the alphabet, could not walk heel to toe in a straight line, and touched the bridge of his nose when asked to touch the tip. A search of the defendant's car yielded a partially consumed forty-ounce bottle of beer. Under *Commonwealth* v. *Connolly*, 394 Mass. 169, 172-173 (1985), diminished capacity to operate a motor vehicle may be inferred from circumstances other than actual bad driving. Where, as here, the Commonwealth has offered evidence that the defendant's mental processes and physical capacity were diminished at the time of his vehicular operation, a jury could reasonably find that the defendant was operating in violation of the statute. See *Commonwealth* v. *Tynes*, 400 Mass. 369, 377 n.3 (1987).

2. *Missing witness instruction*. a. *Foundation*. The judge did not err by giving a missing witness instruction concerning Linda Doane, a friend who was with the defendant throughout the evening in question until approximately one-half hour before his arrest. The foundation required by *Commonwealth* v. *Alves*, 50 Mass. App. Ct. 796, 802 (2001), was made out. The case against the defendant and his corresponding incentive to rebut with witnesses favorable to his theory were strong, as set out above. See *Commonwealth* v. *Franklin*, 366 Mass. 284, 293 (1974); *Commonwealth* v. *Spencer*, 49 Mass. App. Ct. 383, 387 (2000). See also *Commonwealth* v. *Matthews*, 45 Mass. App. Ct. 444, 448-450 (1998). Because Doane was with the defendant throughout the evening and was the only person other than the arresting officer to have seen the defendant drive, her testimony was central to the case to corroborate the defendant's own testimony and that of his drinking companion. Defense counsel's proffered explanation for Doane's absence — she had recently stopped receiving welfare and did not want to miss work — demonstrated that the defendant was aware of Doane's whereabouts. There was no indication that the prosecutor had the same knowledge. The fact that the Commonwealth could have called Doane "does not render the adverse inference impermissible, because the defendant was more closely acquainted with [her] and would 'be naturally expected to call' [Doane] in light of the facts of the case." *Commonwealth* v. *Thomas*, 429 Mass. 146, 151 (1999). The plausibility of the defendant's explanation for Doane's absence was belied by his decision not to seek a continuance or compel her attendance, and the judge did not abuse his considerable discretion. See *Commonwealth* v. *Graves*, 35 Mass. App. Ct. 76, 83-84 (1993).

---

[1]After the jury returned a guilty verdict, the defendant pleaded guilty to so much of the indictment as alleged that the incident was a second offense, chargeable under G. L. c. 278, § 11A.

b. *Constitutional implication.* The strength of the Commonwealth's case is also the answer to the defendant's constitutional concern, for it seems to have been decided at an early date that the right of a defendant to refrain from calling conceivably exculpatory witnesses free from adverse inference "is not within the protection of the Constitution" where, as here, the Commonwealth has presented a strong case against the defendant. *Commonwealth* v. *Finnerty,* 148 Mass. 162, 167 (1889). See *Commonwealth* v. *Thomas, supra* at 153-154.

*Judgment affirmed.*

*Jacqueline Y. Parker* for the defendant.

*Daniel I. Smulow,* Assistant District Attorney, for the Commonwealth.