COMMONWEALTH vs. MICHAEL ROLLINS.

Essex. January 5, 2004. - February 26, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Motor Vehicle,* Operating under the influence. *Intoxication. Evidence,* Intoxication, Failure to produce witness. *Practice, Criminal,* Instructions to jury.

At the trial of a criminal complaint charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor, the judge did not abuse his discretion in giving a missing witness instruction to the jury, over the defendant's objection, after a "good friend" of the defendant, who was present when the defendant had consumed alcohol, was absent from trial, where there was sufficient foundation to give the instruction; moreover, the prosecutor properly commented (without objection) in closing argument on the witness's absence. [117-120]

There was no merit to a criminal defendant's claim that his Federal and State constitutional rights were violated either by a judge's having given a missing witness instruction at trial, or by the prosecutor's remarks in closing argument with regard to the witness's absence where, in the presence of a strong case against the defendant, the right of a defendant to refrain from calling a conceivably exculpatory witness free from adverse inference was not within the protection of either Constitution. [120-121]

COMPLAINT received and sworn to in the Salem Division of the District Court Department on March 14, 2000.

The case was tried before *Robert A. Cornetta,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jacqueline Y. Parker* for the defendant.

*Daniel I. Smulow,* Assistant District Attorney, for the Commonwealth.

*Beth Eisenberg,* Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

GREANEY, J. A District Court jury convicted the defendant of operating a motor vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24. In affirming the conviction, the Appeals Court rejected the defendant's arguments that there was insufficient evidence of his diminished ability to drive

safely, and that he was prejudiced by a "missing witness" instruction given to the jury in conjunction with remarks made by the prosecutor in his closing argument that referred to the defendant's failure to produce the missing witness. *Commonwealth* v. *Rollins*, 59 Mass. App. Ct. 911, 912 (2003). We granted the defendant's application for further appellate review solely to review the defendant's claims regarding the missing witness instruction.[1] We affirm the conviction.

To prove its case, the Commonwealth called three police officers to testify: the arresting officer; the officer who found and seized, during an inventory search of the vehicle the defendant had been operating, an open forty-ounce bottle of beer; and the desk officer who observed the defendant during booking. The basis for the defendant's arrest, fully supported by the testimony of the arresting officer, is summarized by the Appeals Court as follows:

> "The defendant, seen speeding through a residential neighborhood in Danvers, did not immediately respond to the blue lights of the pursuing patrol car, but instead continued another 200 yards or so along the road before turning onto an entrance ramp to a limited access highway, veering off the ramp, and finally stopping. The defendant's eyes were red and watery, his breath carried a strong odor of liquor, and he appeared unsteady as he walked. He failed three sobriety tests — he was unable to recite the alphabet, could not walk heel to toe in a straight line, and touched the bridge of his nose when asked to touch the tip."

*Id.* During the defendant's booking, the desk officer observed that the defendant was unsteady on his feet, swayed from side to side, and had a strong odor of liquor on his breath.

The only factual issue at trial was whether the defendant was operating while under the influence of intoxicating liquor, that is, whether "the defendant's consumption of alcohol diminished

---

[1] We consider only the issues raised before the Appeals Court, and do not consider the new issues belatedly raised by the defendant's appellate counsel in her supplemental brief. In particular, we do not consider whether the missing witness doctrine should be abolished or modified in any respect. The latter issue was not raised in the trial court nor briefed before the Appeals Court. The issue is unpreserved and has been made unavailable for comment by other interested parties.

[his] *ability* to operate a motor vehicle safely" (emphasis in original). *Commonwealth* v. *Connolly*, 394 Mass. 169, 173 (1985). The defendant testified that before his arrest, he and his friend, Linda Doane, went to the apartment of another friend, Richard Adrien. There, the defendant and Doane shared a twelve-ounce bottle of beer, and then the three walked to a nearby bar. They stayed at the bar a little over one hour, during which the defendant drank two beers and played pool. The three walked back to Adrien's apartment. The defendant drove Doane home, returned to Adrien's apartment for a short time, and then left for his home.

The defendant testified that he was unaware that a police cruiser was behind him until he was heading up the ramp to the highway. The defendant had difficulty getting out of the vehicle he had been driving (which was very low to the ground) due, he said, to a long-standing back problem.[2] He told the arresting police officer that he had consumed two beers. The defendant claimed that he could not recite the alphabet because he had dropped out of school in the ninth grade and did not know the alphabet. The defendant testified that he believed that he had successfully touched the tip of his nose when asked to do so by the police officer. The defendant indicated that he had "almost [fallen] over" trying to walk heel to toe in a straight line "because of [his] back problem." Because of poor lighting and the flashing blue and red police lights, the defendant also claimed he was unable to see the ground. The defendant stated that he had never seen a forty-ounce bottle of beer that was found in the vehicle and suggested that the bottle belonged to his brother.

Adrien also testified, generally corroborating the defendant's testimony about his activities, whom the defendant had been with, and what the defendant had to drink before leaving Adrien's apartment. Adrien stated that "sometimes" the defendant's back would "act[] up," but that, in the hour or so before the defendant's arrest, the defendant had had no trouble walking. Adrien testified that they had left the bar at about 9:30 P.M., and that it was approximately 10 or 10:30 P.M. when

---

[2]The defendant's medical records documenting a prior back injury were admitted in evidence.

the defendant left Adrien's apartment to go home (after having driven Doane home earlier).

During the defendant's cross-examination, the defendant testified that Doane was a "good friend" whom he had known for six years. When asked by the prosecutor about her whereabouts, the defendant stated that Doane was working and could not "get the time off from work." After the defense rested, the prosecutor sought a missing witness instruction, arguing that Doane's absence was not excusable. The defendant's trial counsel stated:

> "I had summonsed her, my client tells me that she has a daughter and she had to work today and she was finally off welfare and she just was afraid that, you know, she didn't want to miss work."

The defendant's trial counsel added that Doane's testimony would be "cumulative" and "would not be of any substance." The prosecutor disagreed and the judge noted:

> "The problem is that he took that stand which he has an absolute right to do, he raised the issue of this other person and there's a period of time where he was with her that's missing and the best person to fill that in, in terms of corroborating what his testimony was, was her and she's not here. There's been no showing as to why she's unavailable."

Over the defendant's objection, the judge agreed to give a missing witness instruction. The prosecutor remarked in his closing argument as follows:

> "Now, there's also Ms. Doane, Linda Doane, who was actually with the defendant longer than Mr. Adrien was. However she wasn't here yesterday. She wasn't here to testify about what she saw. And the judge will tell you what you can do with that information if you want, with the fact that she wasn't here, okay, so listen to him when he instructs you on everything, but on that in particular."

The judge gave the jury a missing witness instruction.

1. The general principles concerning a missing witness

instruction are set forth in *Commonwealth* v. *Thomas*, 429 Mass. 146, 150-151 (1999):

> "Where a defendant has knowledge of an available witness whose general disposition toward the defendant is friendly, or at least not hostile, and who could be expected to give testimony of distinct importance to the defendant's case, but the defendant, without explanation, fails to call that witness, the jury may permissibly infer that that witness would have given testimony detrimental to the defendant's case. . . . The strength of the case against the defendant, whether the defendant would be expected to call the witness if the defendant were innocent, and the importance of the witness's likely testimony to the defense are important considerations in determining whether an adverse inference based on the defendant's failure to call a certain witness is appropriate. . . . Where a witness's testimony would have been merely cumulative or unimportant, there is no basis for such an inference. . . .

> "Whether the adverse inference is permissible depends on the facts of each case . . . and whether to give a missing witness instruction is a decision that must be made on a case-by-case basis, in the discretion of the trial judge. That decision will be overturned on appeal only if it was 'manifestly unreasonable.' " (Citations omitted.)

The defendant argues that there was an insufficient foundation to warrant the instruction. In *Commonwealth* v. *Alves*, 50 Mass. App. Ct. 796, 802 (2001), the Appeals Court summarized the basis for giving the instruction (as that basis has been formulated by our appellate decisions) in the following terms: "the judge is to consider four factors: (1) whether the case against the defendant is strong and whether, faced with the evidence, the defendant would be likely to call the missing witness if innocent; (2) whether the evidence to be given by the missing witness is important, central to the case, or just collateral or cumulative; (3) whether the party who fails to call the witness has superior knowledge of the whereabouts of the witness; and (4) whether the party has a 'plausible reason' for not producing the witness" (footnote omitted).

The judge properly gave the instruction. The Common-

wealth's case by itself was strong, and the defendant's evidence contained elements that strengthened the Commonwealth's case. For instance, the defendant admitted that he had consumed two beers and testified that his back condition had not prevented him from working on the day of arrest on construction, performing work that involved bending and stretching. Adrien testified that the defendant's back would only "sometimes" "act[] up," and that, in the hour or so before the defendant's arrest, he observed that the defendant had had no trouble walking.

The second consideration stated in *Commonwealth* v. *Alves, supra,* was also met. While some of Doane's testimony would likely have been cumulative of Adrien's testimony, the defendant overlooks the significance of her testimony concerning whether he had been drinking in the vehicle (particularly in light of the open forty-ounce bottle of beer), and her observations of the defendant's condition while he drove her home. While both Adrien and Doane had observed his condition walking to and from the bar, Doane was the only witness who had been with the defendant during the drive to her home, and thus the only witness who could testify concerning his ability to operate a vehicle at that time. See *Commonwealth* v. *Bryer,* 398 Mass. 9, 13 (1986) (concluding that prosecutorial comment on missing witness was permissible in prosecution for operating under the influence of intoxicating liquor where witness may have been able to corroborate defendant's testimony concerning amount of alcohol defendant had consumed). The prospect that Doane's testimony may have been cumulative of the defendant's testimony in some respects overlooks the importance of the defendant's credibility, which he placed squarely at issue by taking the stand. See *id.* at 12. His assertion that Doane's testimony would have been discredited because she was his girl friend is not supported. The judge and jury heard only that Doane was the defendant's "friend," not his girl friend.

With respect to the last two considerations in *Commonwealth* v. *Alves, supra,* the Appeals Court correctly noted that "[t]he fact that the Commonwealth could have called Doane 'does not render the adverse inference impermissible, because the defendant was more closely acquainted with [her] and would "be naturally expected to call" [Doane] in light of the facts of

the case.' " *Commonwealth* v. *Rollins, supra* at 912, quoting *Commonwealth* v. *Thomas, supra* at 151. See *Commonwealth* v. *Crawford,* 46 Mass. App. Ct. 423, 426 n.4 (1999). While the judge may not have had "reason to disbelieve" the excuse articulated by the defendant's trial counsel for Doane's absence, he did not have any reason, or corroborative evidence, to believe the excuse either. The judge could properly reject, as he implicitly did, the defendant's reason for Doane's nonproduction. We note that the defendant testified, so we do not have a situation where the jury are permitted to reach the inference in the absence of testimony from the defendant. The instruction given by the judge (which was patterned on Instruction 4.04 Model Jury Instructions for use in the District Court [2000]) carefully pointed out to the jury that an inference about a missing witness is permissible, not required, and would be warranted only if they independently found the existence of all four considerations set forth in the *Alves* case. The judge also appears to have appreciated that "[t]his is a delicate area, requiring caution," *Commonwealth* v. *Zagranski,* 408 Mass. 278, 287 (1990). We emphasize again that judges should be circumspect in allowing requests to give the instruction and should do so only when all foundation requirements are clearly met. We conclude that the judge did not abuse his discretion in the instruction, and the prosecutor properly commented (without objection) in closing argument on Doane's absence.

2. Unsupported by authority, the defendant argues that his Federal and State constitutional rights were violated by the instruction and the prosecutor's remarks. The defendant points out that he had summonsed Doane and claims that requiring him to seek a continuance in order to avoid the instruction unconstitutionally shifted the burden of proof and denied him his right to compulsory process. These claims have no merit because, as the Appeals Court explained, "[t]he strength of the Commonwealth's case is also the answer to the defendant's constitutional concern, for it seems to have been decided at an early date that the right of a defendant to refrain from calling conceivably exculpatory witnesses free from adverse inference 'is not within the protection of the Constitution' where, as here, the Commonwealth has presented a strong case against the

defendant." *Commonwealth* v. *Rollins, supra* at 913, quoting *Commonwealth* v. *Finnerty*, 148 Mass. 162, 167 (1889).[3]

*Judgment affirmed.*

---

[3]The fact that the defendant summonsed Doane carries little weight when he failed to move for a finding of contempt or for a warrant to compel her appearance when she did not appear to testify. See G. L. c. 233, §§ 5, 6; Mass. R. Crim. P. 17 (e), 378 Mass. 885 (1979). That no such requests were made undermines the defendant's objection to the missing witness instruction as well as his claims of constitutional violations. Further, at no time was the defendant "requir[ed]" to seek a continuance, although he certainly could have done so.