NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-62

COMMONWEALTH

vs.

ROBERT J. EKMALIAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction, after a jury trial, of operating a motor vehicle under the influence of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (a) (1).[1] He makes two arguments on appeal. First, he argues that the Commonwealth failed to prove beyond a reasonable doubt that his ability to operate a motor vehicle was impaired. Second, he argues that a misstatement in the prosecutor's closing argument resulted in a substantial risk of a miscarriage of justice warranting reversal of the conviction. We affirm.

We recite the evidence, together with the reasonable inferences to be drawn from it, in the light most favorable to

---

[1] The defendant was also charged with (but found not responsible for) a headlight violation pursuant to G. L. c. 90, § 7, and not possessing a certificate of registration pursuant to G. L. c. 90, § 11.

the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). At approximately midnight on September 28, 2019, a State trooper observed the defendant yelling, running, and jumping around while leaving a Cumberland Farms convenience store. The trooper considered the defendant's behavior to be odd because, in the trooper's experience, most people leaving a store do not behave in such a way. The trooper then observed the defendant drive out of the parking lot without turning on the car's headlights even though it was nearly midnight and dark. With the headlights off, the defendant proceeded onto Route 32, which is a busy street. The trooper followed and initiated a traffic stop shortly thereafter without incident. When the trooper approached the car and engaged the defendant in conversation, he observed that the defendant had bloodshot and glassy eyes, that the defendant's speech was slurred, and that there was a strong odor of alcohol emanating from the inside of the car. The defendant first denied having had anything to drink, but then admitted to the trooper that he had drunk two beers that evening.

When the trooper asked the defendant to get out of the car, the defendant fumbled with the door handle and had trouble manipulating it. After opening the door, the defendant leaned

up against the frame of the car.[2]  The trooper then asked the defendant to perform three field sobriety tests.  The defendant's performance on the nine-step walk and turn and the one-legged stand tests was not satisfactory.  The defendant completed a correct recitation of the alphabet, but his speech was slurred.  Based on the totality of his observations, the trooper placed the defendant under arrest for operating under the influence of alcohol.

"[T]o establish the defendant's guilt of OUI in violation of G. L. c. 90, § 24 (1) (a) (1), the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). We focus here only on the third element, which is the only one in dispute.  "[T]he phrase 'under the influence' refers to impairment, to any degree, of an individual's ability to safely perform the activity in question."  Commonwealth v. Veronneau, 90 Mass. App. Ct. 477, 479 (2016).  "Thus, 'in a prosecution for [OUI], the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the

---

[2] Trial counsel lodged an objection to the trooper's testimony as to why the defendant leaned against the car, which was allowed. We do not read the transcript to indicate that the judge struck the trooper's observation of the defendant's conduct, nor would there have been a basis for doing so.

defendant's _ability_ to operate a motor vehicle safely.'"  _Id._,

quoting Commonwealth v. _Connolly_, 394 Mass. 169, 173 (1985).

See _Gallagher_, _supra_ ("the Commonwealth need not prove that the

defendant was drunk, only that alcohol diminished her ability to

operate a motor vehicle safely").  A "diminished capacity to

operate a motor vehicle may be inferred from circumstances other

than actual bad driving."  Commonwealth v. _Rollins_, 59 Mass.

App. Ct. 911, 912 (2003).

In this case, those circumstances included the defendant's

unorthodox behavior coming out of the convenience store, his

driving (albeit only for a short while) in the dark without

headlights, his slurred speech and poor balance, his glassy

eyes, the odor of alcohol, his admission to having drunk alcohol

earlier, and his inability to satisfactorily complete the field

sobriety tests.  Compare _Gallagher_, 91 Mass. App. Ct. at 390-391

(finding evidence of intoxication "compelling, if not

overwhelming" where defendant parked across two spaces, had

glassy, bloodshot eyes, had odor of alcohol, had slightly

slurred speech, and admitted to consuming three beers just prior

to driving); Commonwealth v. _Rarick_, 87 Mass. App. Ct. 349, 354

(2015) ("evidence that the defendant had consumed at least six

beers in the hours before he was stopped, that a moderate odor

of an alcoholic beverage was coming from his person, that his

eyes were red and glassy, and that he was speeding while driving

4

on a road where the posted speed limit was clearly marked was sufficient to permit a rational fact finder to infer that he was operating while under the influence of intoxicating liquor"); Commonwealth v. Lavendier, 79 Mass. App. Ct. 501, 506-507 (2011) (noting obvious signs of impairment where defendant had, among other indicators, "strong odor of alcohol, poor balance, and glassy, bloodshot eyes"); Rollins, 59 Mass. App. Ct. at 912 (inability to perform field sobriety tests is evidence of impairment).

We now turn to the defendant's argument that by using, in her closing argument, the phrase "pretty clear" with respect to the Commonwealth's evidence, the prosecutor misstated the law and lowered the Commonwealth's burden of proof. Although the prosecutor could have more artfully phrased her point, the gist of the prosecutor's comment -- taken in context -- would have been understood to refer to the unambiguity or strength of the evidence, not to the Commonwealth's burden of proof. "Closing arguments must be viewed 'in the context of the entire argument, and in light of the judge's instructions to the jury and the evidence at trial.'" Commonwealth v. Allison, 434 Mass. 670, 687 (2001), quoting Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 231 (1992). In any event, we see no risk that the prosecutor's phrasing would have caused the jury to misunderstand the Commonwealth's burden of proof given the

5

multiple occasions[3] on which the judge correctly instructed the jury that the Commonwealth bore the burden to prove each element of the crime beyond a reasonable doubt.  See Commonwealth v. Thomas, 401 Mass. 109, 114 (1987).

For the reasons set out above, the conviction is affirmed.

Judgment affirmed.

By the Court (Wolohojian, Shin & Ditkoff, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  October 4, 2023.

---

[3] The judge instructed the jury on the Commonwealth's burden of proof at the beginning of the trial, during the judge's final instructions, and again in response to a question posed by the jury during their deliberations.
[4] The panelists are listed in order of seniority.