NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-853

COMMONWEALTH

vs.

KEVIN F. MCANDREW.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the District Court, a jury found the defendant, Kevin McAndrew, guilty of operating a motor vehicle while under the influence of intoxicating liquor (OUI) in violation of G. L. c. 90, § 24 (1) (a) (1). Thereafter, in a jury-waived trial, a judge found the defendant guilty of a third offense OUI. He appeals the underlying conviction by challenging the sufficiency of the evidence and claiming, for the first time, that certain testimony should not have been admitted. We affirm.

Background. Prior to trial, defense counsel noted his objection to hearsay contained in a police report. The judge concluded, "The police officer could indicate that that person

pointed out a car.  The police officer will not be allowed to testify as to what the particular witness said to him about that witness's observations of the person."

Evidence at trial showed that on March 24, 2019, at approximately 5:15 P.M., a woman in a convenience store parking lot pointed out the defendant's vehicle to Pembroke police Sergeant Paul Joudrey.  Joudrey followed the vehicle through residential streets as it traveled well above the thirty mile per hour speed limit.  Joudrey stopped the vehicle, walked up to the driver's side, obtained the defendant's license and registration, and spoke to the defendant, who asked why he had been stopped.  Joudrey replied to the defendant that he stopped him because of his speed and because "his vehicle had been pointed out."  He smelled an odor of an alcoholic beverage on the defendant's breath and observed the defendant's glassy and bloodshot eyes and his slow and slurred speech.

The defendant then failed a series of field sobriety tests.  While still seated in the vehicle, the defendant missed a letter when reciting the alphabet and did not follow instructions regarding a "finger-touch technique" that involves touching the thumb to each finger while counting.  Joudrey asked him to get out of the vehicle and watched as he walked slowly and appeared unsteady on his feet.  At Joudrey's request, the defendant repeated both field sobriety tests.  The defendant said the

2

alphabet "completely out of order" and failed to touch his thumb to his fingers in sequence.

Discussion. 1. Sufficiency of evidence. When reviewing the sufficiency of evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). To prove the charged crime, the Commonwealth had to prove beyond a reasonable doubt that the defendant "(1) . . . operated a [motor] vehicle, (2) on a public way . . ., and (3) . . . was impaired by the influence of intoxicating liquor." Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133-134 (2018), quoting Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016).

Here, the defendant challenges only the sufficiency of the evidence pertaining to the third element. "[T]he phrase 'under the influence' refers to impairment, to any degree, of an individual's ability to safely perform the activity in question." Commonwealth v. Veronneau, 90 Mass. App. Ct. 477, 479 (2016). "Thus, 'in a prosecution for [OUI], the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely.'" Id., quoting

3

Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). Impairment may be proven by circumstantial evidence. See Commonwealth v. Flanagan, 76 Mass. App. Ct. 456, 464 (2010); Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994).

Joudrey's testimony provided ample evidence that the defendant was under the influence of alcohol: he sped through a residential neighborhood, had the odor of an alcoholic beverage on his breath, presented with glassy and bloodshot eyes, exhibited slurred and slow speech, walked slowly, appeared unsteady on his feet, and twice failed two field sobriety tests. See Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353-354 (2015) (sufficient evidence of impairment where driver speeding, exhibited moderate odor of alcohol, and had bloodshot and glassy eyes); Commonwealth v. Lavendier, 79 Mass. App. Ct. 501, 506-507 (2011) (noting obvious signs of impairment where defendant had, among other indicators, "strong odor of alcohol, poor balance, and glassy, bloodshot eyes"); Commonwealth v. Rollins, 59 Mass. App. Ct. 911, 912 (2003), S.C. 441 Mass. 114 (2004) (inability to perform field sobriety tests is evidence of impairment). Jurors could also consider Joudrey's opinion "[t]hat he was intoxicated by liquor." See Sudderth, 37 Mass. App. Ct. at 321 (officer's opinion on intoxication "may also be taken into account" when evaluating sufficiency of evidence). Viewing the evidence in a light most favorable to the Commonwealth,

4

Latimore, 378 Mass. at 677, jurors could readily conclude that the defendant's consumption of alcohol diminished his "ability to operate a motor vehicle safely." Connolly, 394 Mass. at 173.

2. Testimony about bystander. Prior to trial, the judge excluded hearsay statements of a bystander who directed Joudrey to the defendant's vehicle. The hearsay statements were not admitted, but the defendant now claims, for the first time, that Joudrey's mere reference to the bystander directing him to the vehicle constituted inadmissible hearsay. We discern no error and no "substantial risk of a miscarriage of justice." Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).

While it is true that nonverbal conduct such as pointing may sometimes constitute an assertion, the pointing here "was not offered to prove the truth of any implied assertion." Commonwealth v. Beaz, 69 Mass. App. Ct. 500, 502 (2007). Instead, evidence of the bystander pointing to the defendant's vehicle was properly admitted to show "the state of police knowledge which impelled the approach to the defendant." Commonwealth v. Miller, 361 Mass. 644, 659 (1972). On direct examination, Joudrey made two innocuous references to the bystander. He testified that the bystander "pointed out a vehicle" to him, and he further testified that he responded to the defendant's question about why he was stopped by saying, "his vehicle had been pointed out" and he was speeding. This

5

testimony was entirely consistent with the judge's pretrial order and did not constitute hearsay. "[A]n arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct." Commonwealth v. Cohen, 412 Mass. 375, 393 (1992), quoting McCormick, Evidence § 249, at 734 (3d ed. 1984). During cross-examination, Joudrey's third reference to the bystander "pointing the vehicle out" did not add any new information and simply summarized the sequence of events that ultimately led him to conclude the defendant was under the influence. At no time did Joudrey reveal the content of the bystander's statements to him.

Even if Joudrey's testimony could be read to imply, as the defendant maintains, that the bystander may have made a statement that the defendant "was drunk," we are satisfied that the judge's jury instructions obviated any risk of a miscarriage of justice. The judge specifically instructed jurors that they must "decide what the facts are solely from the evidence admitted in this case, and that would include the testimony of the witness." The judge further instructed that jurors could draw inferences "only from facts that have been proven to you." Given these instructions and the absence of any evidence about the content of the bystander's statement, jurors were not

6

permitted to speculate about what the bystander may have said. We also note that the prosecutor's closing did not make any reference, by implication or otherwise, to the content of the bystander's statement.

3. _Ineffective assistance of counsel_.  Finally, we reject the defendant's claim that his lawyer provided ineffective assistance of counsel.  To prevail, the defendant must show that trial counsel's conduct "fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that the performance inadequacy 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  For the reasons we have previously discussed, the evidence was sufficient to convict the defendant.  Accordingly, trial counsel's failure to move for a required finding of not guilty did not amount to ineffective assistance of counsel.  See Commonwealth v. Costa, 407 Mass. 216, 224 n.9 (1990) (counsel not ineffective for failing to file required finding motion where motion would have been denied).  Regarding the claim related to the bystander, because we concluded that evidence of the bystander pointing did not result in a substantial risk of a miscarriage of justice, the defendant "cannot prevail" on an

7

ineffectiveness assistance claim "on the same issue[]." <u>Cohen</u>, 412 Mass. at 389.

<u>Judgment affirmed</u>.

By the Court (Blake, Walsh & Hodgens, JJ.[1]),

Clerk

Entered: November 21, 2024.

---

[1] The panelists are listed in order of seniority.