NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-567

COMMONWEALTH OF MASSACHUSETTS

vs.

FRANCISCO ROMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury convicted the defendant of operating under the influence of liquor and negligent operation.  Claiming insufficient evidence to sustain the convictions, the defendant appeals.  We affirm.

The Commonwealth presented ample evidence on the element of intoxication that is now challenged on appeal:  the defendant drove erratically and at high speed, crashed head-on into another car, smelled of alcohol, admitted to drinking three beers, presented with glassy and bloodshot eyes, spoke with slurred speech, appeared unsteady on his feet, lost his balance during field sobriety tests, admitted he could not complete one test, had beer cans and a partially consumed hard lemonade in

his vehicle, and appeared in the opinion of police officers to be "drunk." Given these facts, "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 677 (1979), quoting <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307, 318-319 (1979). See <u>Commonwealth</u> v. <u>Rarick</u>, 87 Mass. App. Ct. 349, 353-354 (2015) (evidence of impairment from speeding, odor of alcohol, and bloodshot and glassy eyes); <u>Commonwealth</u> v. <u>Lavendier</u>, 79 Mass. App. Ct. 501, 506-507 (2011) (obvious signs of impairment include "strong odor of alcohol, poor balance, and glassy, bloodshot eyes"); <u>Commonwealth</u> v. <u>Rollins</u>, 59 Mass. App. Ct. 911, 912 (2003), <u>S.C.</u> 441 Mass. 114 (2004) (impairment shown by inability to perform field sobriety tests); <u>Commonwealth</u> v. <u>Sudderth</u>, 37 Mass. App. Ct. 317, 321 (1994) (officer's opinion on intoxication "may also be taken into account" when evaluating sufficiency of evidence).

The defendant's arguments on appeal speak primarily to the weight of the evidence, not the sufficiency. He points to the absence of any investigation into the functionality of his vehicle as a factor in the crash, chemical testing of the hard lemonade, an MRI or CT scan before the field sobriety tests, or testimony from someone seeing the defendant consume alcohol. Contrary to the defendant's argument, the <u>Latimore</u> standard is

2

applied "without reference" to the "weight of the evidence." Commonwealth v. Doucette, 408 Mass. 454, 457 (1990). Moreover, "[i]n assessing the sufficiency of the evidence, the analysis is not a static dissection of factors in isolation but an evaluation informed by the dynamic fullness of the totality of the circumstances." Commonwealth v. Sylvia, 87 Mass. App. Ct. 340, 342 (2015).

For similar reasons, we also conclude that the Commonwealth presented sufficient evidence of negligent operation. Even without considering whether there were "any mechanical problems" with the car and putting aside evidence of intoxication, the evidence showed a breathtaking level of negligence: the defendant drove off the paved highway to pass another vehicle at high speed, fishtailed upon returning to the roadway, exited the highway at a speed of about one-hundred miles per hour, crossed a grass median, and crashed into an oncoming vehicle. Jurors could readily conclude that such evidence constituted a level of negligence that placed the lives or safety of the public in

danger.  See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017).

Judgments affirmed.

By the Court (Meade,
  Hodgens & Allen, JJ.[1]),

*Paul Little*

Clerk

Entered: April 21, 2026.

---

[1] The panelists are listed in order of seniority.