NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-169                                            Appeals Court


COMMONWEALTH  vs.  ROBERT VERONNEAU.


No. 15-P-169.

Bristol.     March 9, 2016. - October 11, 2016.

Present:  Cypher, Cohen, & Neyman, JJ.


Firearms.  Intoxication.  Practice, Criminal, Findings by judge,
     Probation.  Evidence, Judicial notice, Intoxication.
     Constitutional Law, Right to bear arms.



     Complaint received and sworn to in the New Bedford Division
of the District Court Department on May 24, 2013.

     The case was heard by J. Thomas Kirkman, J.


     John G. Mateus for the defendant.
     Corey T. Mastin, Assistant District Attorney, for the
Commonwealth.


     COHEN, J.  The defendant was tried in the District Court,

jury-waived, on charges of carrying a loaded firearm while under

the influence of intoxicating liquor (FUI), see G. L. c. 269,

§ 10H; negligent operation of a motor vehicle, see G. L. c. 90,

§ 24(2)(a); operating a motor vehicle while under the influence

of intoxicating liquor (OUI), second offense, see G. L. c. 90, § 24(1)(a)(1); and two civil motor vehicle infractions, speeding and marked lanes violation. The judge found the defendant guilty of FUI, and imposed a sentence of one year of unsupervised probation with a condition that he not possess firearms or have a firearm license during that period. The judge also found the defendant at fault for the civil motor vehicle infractions, and imposed fines; however, the judge found the defendant not guilty of negligent operation of a motor vehicle and OUI. The defendant's primary contention on appeal is that his conviction of FUI is fatally inconsistent with his acquittal of OUI. After consideration of this and other arguments presented by the defendant, we affirm.

Background. The evidence, taken in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979), may be summarized as follows. On May 23, 2013, State police Trooper Paul Gifford was patrolling in a marked cruiser on Route 18 in New Bedford, which has a posted speed limit of fifty miles per hour. It was raining heavily. The trooper observed a vehicle entering Route 18 from the east ramp of Route 495, at a speed that he estimated to be eighty-two miles per hour. The vehicle accelerated, changed lanes twice, passed three other vehicles, drifted to the right, drove in the breakdown lane, and then swerved back into the right travel

lane. Those maneuvers occurred without use of the turn signal. The vehicle exited onto Elm Street, at which point the trooper stopped it.

Two individuals were in the vehicle -- the defendant, who was driving, and his girlfriend, who was seated in the front passenger seat. After requesting and receiving the defendant's license and registration, the trooper noticed that the defendant's eyes appeared "glossy" and that he smelled of alcohol. The defendant denied having consumed alcohol and told the trooper that the odor was coming from his girlfriend.

At the trooper's request, the defendant stepped out of the vehicle, grabbing onto it for balance. The trooper then noticed a large bulge in a front pocket of the defendant's pants, which was consistent with the size and shape of a firearm. He asked the defendant if he had a firearm on his person, and the defendant responded that he was carrying a Beretta .25 caliber pistol. The defendant also informed the trooper that the pistol was loaded, with a round in the chamber, and that the safety was off. The defendant represented (and the trooper later confirmed) that he had a license to carry the firearm. The trooper took possession of the pistol, which, at trial, was stipulated to be a working firearm.

By this time, the rain had slowed to a drizzle. The trooper asked the defendant to perform field sobriety tests and

instructed the defendant on how to perform each test.  The defendant endeavored to comply.  Although he passed the alphabet test, the defendant did not successfully complete the one-leg stand test or the nine-step walk and turn test.  The trooper placed the defendant under arrest and gave him Miranda warnings.  The defendant then "begg[ed]" the trooper for a "break" and admitted to having consumed three vodka tonics.

The trooper brought the defendant to the State police barracks, where the defendant consented to and participated in a breathalyzer test approximately one hour after the vehicle had been stopped.  The result was a reading of .07.

Discussion.  1.  Inconsistent findings.  The defendant argues that his conviction of FUI cannot stand because it is inconsistent with his acquittal of OUI.  Because both the FUI statute[1] and the OUI statute[2] contain the phrase "under the influence," the defendant argues that the standard for

---

[1] General Laws c. 269, § 10H, inserted by St. 1998, c. 180, § 71, provides in relevant part:  "Whoever, having in effect a license to carry firearms . . . carries on his person, or has under his control in a vehicle, a loaded firearm . . . while under the influence of intoxicating liquor . . . shall be punished . . . ."

[2] General Laws c. 90, § 24(1)(a)(1), first par., as amended by St. 2003, c. 28, § 1, provides in relevant part:  "Whoever, upon any way . . . operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor . . . shall be punished . . . ."

intoxication must be the same, and that the judge erroneously and arbitrarily applied a lower standard to the FUI charge.

We disagree that the same degree of intoxication invariably will establish guilt or innocence of both crimes. In accordance with well-established case law interpreting the OUI statute, the phrase "under the influence" refers to impairment, to any degree, of an individual's ability to safely perform the activity in question. Thus, "in a prosecution for [OUI], the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely." Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). Likewise, in a prosecution for FUI, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished his ability to safely carry a loaded firearm on his person (or have one under his control in a vehicle). Despite their use of common language, however, the statutes concern different instrumentalities and activities. For that reason, a trier of fact rationally may find that a particular individual was sufficiently impaired to be guilty of one offense but not the other.

Here, when the judge announced his findings, he stated that the Commonwealth had carried its burden as to FUI but not as to OUI. This was not inherently contradictory. The judge could

have reasoned, for example, that the defendant should get the benefit of the doubt as to impaired operation of the vehicle, given that his breathalyzer test result was lower than the .08 required to establish a violation of the OUI statute under an alternative per se theory. At the same time, the judge also could have reasoned that the defendant's lack of physical coordination -- as evinced by his grabbing the vehicle for balance and failing to successfully complete the one-leg stand and the nine-step walk and turn tests -- created an unacceptable safety risk that his loaded pistol (with a bullet in the chamber and the safety off) could be discharged.

In any event, contrary to the defendant's position, the judge's findings cannot be viewed as legally inconsistent. See Commonwealth v. Gonzalez, 452 Mass. 142, 151 n.8 (2008). A legal inconsistency arises when no set of facts could have resulted in the verdict; in such a case, the verdicts cannot be sustained, even when they are rendered by a jury. Ibid. Furthermore, to the extent that the defendant may be understood to contend that the findings were factually inconsistent, he states no ground for reversal.[3,4]

---

[3] As explained in Gonzalez, supra at 155, while a judge sitting without a jury should avoid making factually inconsistent findings, factual inconsistency is not a basis for reversal. This is true even when there is no apparent reason for the inconsistent findings except the possibility of leniency. Id. at 155 n.11.

2.  _Judicial notice_.  The defendant separately argues that the judge took judicial notice that guns are more dangerous than cars, and that doing so was improper because this proposition is not indisputably true.[5]  As support for his argument, the defendant points to statements made by the judge to the effect that "[g]uns are inherently dangerous" and are "different from cars."  We disagree that those comments, which were made during discussions with counsel and when announcing the findings, indicate that the judge took judicial notice of any fact.  They merely reflect the judge's understanding that, as fact finder, he was required to assess the defendant's ability to safely

---

[4] For the first time on appeal, the defendant further argues that the phrase "under the influence" as used in the FUI statute is ambiguous and subject to the rule of lenity, or, alternatively, that the phrase makes the FUI statute unconstitutionally vague.  We discern no error, and, hence, no substantial risk of a miscarriage of justice.  See Commonwealth v. Randolph, 438 Mass. 290, 297-298 (2002).  The meaning of "under the influence" is well established in the OUI context and is no more ambiguous in the FUI context.  Nor is the FUI statute void for vagueness.  Individuals of normal intelligence reasonably would expect that in assessing whether an individual is "under the influence" the degree of intoxication that would result in impairment may vary depending upon the task being performed.  Although not fixed, the standard is a "comprehensible normative standard" sufficient to provide notice of how to conform one's conduct to the law.  See Commonwealth v. McGhee, 472 Mass. 405, 414 (2015), quoting from Commonwealth v. Orlando, 371 Mass. 732, 734 (1977).

[5] A judge may take judicial notice of facts outside of the record that are considered "generalized knowledge" and are "readily ascertainable from authoritative sources." Commonwealth v. Green, 408 Mass. 48, 50 n.2 (1990).

drive a motor vehicle or carry a loaded firearm in relation to each activity and instrumentality, individually.

3. Sufficiency of the evidence. The defendant claims that there was insufficient evidence to find that he was "under the influence," emphasizing that he passed one of the three field sobriety tests, and that his poor performance on the other tests could have been attributable to slippery road conditions and loose footwear. That evidence, however, was for the judge to evaluate along with other evidence in the case, including the trooper's testimony that the defendant's eyes were glossy, he smelled of alcohol, he displayed a lack of coordination, he failed two of three field sobriety tests, he admitted to having consumed three vodka tonics, and his blood alcohol level was .07 approximately an hour after his vehicle had been stopped. There was ample evidence to support the guilty finding.

4. Probation condition. Finally, the defendant argues that the probation condition requiring him to surrender his firearms during the term of his probation violated his right to bear arms under the Second Amendment to the United States Constitution. Passing whether this argument was preserved, we find it to be entirely without merit. "[T]he right secured by the Second Amendment is not unlimited." District of Columbia v. Heller, 554 U.S. 570, 626 (2008). Furthermore, a condition of probation may impinge on constitutional rights, "so long as the

condition is 'reasonably related' to the goals of sentencing and probation." Commonwealth v. Lapointe, 435 Mass. 455, 459 (2001), quoting from Commonwealth v. Pike, 428 Mass. 393, 403 (1998).  Here, given the nature of the offense, the condition was reasonable and appropriate.

Judgment affirmed.