NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-475

COMMONWEALTH

vs.

ANTONIO P. TEIXEIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals his conviction, after a bench trial, of operating a motor vehicle under the influence (OUI) of intoxicating liquor in violation of G. L. c. 90, § 24 (1) (a) (1).[1]  On March 18, 2021, Brockton Police responded to the scene of a "car versus pole" accident.  The defendant was found inside the vehicle, bleeding from an injury to his lip, with glassy, bloodshot eyes, slurred speech, and slow reaction times.  He was unsteady on his feet and struggled to locate his driver's license when asked to produce it.

---

[1] The defendant was initially charged with operating under the influence of liquor, second offense, pursuant to G. L. c.  90, § 24 (1) (a) (1), and of committing a marked lanes violation. He was found not responsible for the marked lanes violation and, because there was no certified conviction or other probative evidence of a first OUI offense, the judge found the defendant guilty of violating G. L. c.  90, § 24 (1) (a) (1), first offense.

On appeal, the defendant argues that there was insufficient evidence presented at trial to prove that he was under the influence of alcohol, as opposed to a different source of impairment (i.e., drugs, or a head injury). Accordingly, the question before us on appeal is whether "any rational trier of fact could have found the essential elements of the crime," and specifically that the defendant was under the influence of alcohol, beyond a reasonable doubt. Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Notably, the police officer who responded to the scene provided lay opinion testimony that the defendant was "impaired, under the influence of alcohol." Because we conclude that the Commonwealth presented sufficient evidence of intoxication by alcohol, we affirm.

Background. At 9:30 P.M. on March 18, 2021, Brockton Police Officer Shannon O'Donnell was dispatched to the scene of a single vehicle crash. O'Donnell testified that the fire department and emergency medical services (EMS) were already present when she arrived. O'Donnell saw that the defendant's truck had collided with a utility pole on the side of the street. The defendant was still inside the vehicle and was bleeding profusely from a laceration on his lip. O'Donnell also observed that the defendant's eyes were "very red and glassy" and that his speech was slurred. O'Donnell asked the defendant for his driver's license, but the defendant was slow to respond,

2

appearing to search for the license but quickly forgetting he had been asked to do so.  The defendant exited the vehicle to continue looking for his driver's license but was unsteady on his feet and held on to his vehicle to support himself.  As he attempted to search for his license, he dropped certain items from his pockets onto the ground, and almost fell over trying to pick them up.  At one point, the defendant confusedly offered EMS personnel a credit card in lieu of his license.

When the defendant indicated that he wanted to drive the truck home, Officer O'Donnell informed the defendant that his truck would have to be towed, due to the damage from colliding with the pole.  The defendant replied, "What pole?  I didn't hit a pole."  Officer O'Donnell did not administer field sobriety tests as the defendant was injured and required transport to the hospital.

O'Donnell did not smell an odor of alcohol from the defendant, nor did she find any containers of alcohol in the defendant's vehicle.  Nevertheless, based on her observations of the defendant's person and conduct, O'Donnell formed the opinion that the defendant "was impaired, [and] under the influence of alcohol."  Specifically, in response to questions posed to her during direct examination, O'Donnell stated:

> COMMONWEALTH:  At this time, based on your
> observations of the defendant and the accident, did

you form a suspicion as to the state of the defendant's sobriety?

O'DONNELL:  Yes.

COMMONWEALTH:  What was that suspicion?

THE COURT:  A suspicion or an opinion?

COMMONWEALTH:  Suspicion.

THE COURT:  Suspicion?

DEFENSE COUNSEL:  Objection.

THE COURT:  No, he can have that.

O'DONNELL:  I had suspicions that he was under the influence of alcohol and impaired.

. . . .

COMMONWEALTH:  Did you form an opinion about the defendant's state of intoxication?

O'DONNELL:  Yes.

COMMONWEALTH:  And that opinion was?

O'DONNELL:  That he was impaired, under the influence of alcohol.

There were no objections to the above testimony, other than the one objection noted above.  The Commonwealth did not present other witnesses.  There was no evidence of erratic driving by the defendant prior to the crash, and there was no testimony that the defendant had been observed consuming alcohol or drugs.

On cross-examination, defense counsel brought out that O'Donnell had not smelled an odor of alcohol or observed any containers of alcohol in the truck. The defendant testified in his defense. He stated that he spent the entire day working at a job site of the construction company that he owns, and did not leave until 9:00 P.M. While driving home, a cat ran in front of the defendant's vehicle, causing him to swerve and hit a telephone pole. The defendant reported that he was "pretty out of it," and did not recall speaking with any police officers.

At the close of the evidence, the trial judge found that there was "no reasonable doubt that [the defendant] was impaired by alcohol at [the] time [of the accident]." The judge expressly did not credit the testimony of the defendant to the contrary.

Discussion. The sole question before us is whether the evidence presented at trial was sufficient to support the conviction. The defendant claims that the Commonwealth failed to produce sufficient evidence that the defendant was under the influence of alcohol (as opposed to some other intoxicating substance, or that he was suffering from a head injury). The applicable standard is well-known and asks "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

"[T]o establish the defendant's guilt of OUI in violation of G.L. c. 90, § 24(1)(a)(1), the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). We focus on the third element, as no other element is in dispute. "[T]he phrase 'under the influence' refers to impairment, to any degree, of an individual's ability to safely perform the activity in question." Commonwealth v. Veronneau, 90 Mass. App. Ct. 477, 479 (2016). "Thus, 'in a prosecution for [OUI], the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely.'" Id., quoting Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). The Commonwealth "need not prove that the defendant was drunk, only that alcohol diminished [his] ability to operate a motor vehicle safely." Gallagher, supra at 392. Importantly, a driver's "diminished capacity to operate a motor vehicle may be inferred from circumstances other than actual bad driving." Commonwealth v. Rollins, 59 Mass. App. Ct. 911, 912 (2003).

In this case the evidence of impairment was certainly more than sufficient. The defendant was involved in a single car

6

crash.  His speech was notably slurred; when asked to produce his driver's license he was slow to respond and fumbled with his wallet; he was unsteady on his feet; and he seemed confused and forgetful.  Perhaps it is possible, as the defendant argues, that these indicia were induced by the crash, where the defendant seriously hit his head.  But on sufficiency review we do not view the evidence in the light most favorable to the defendant; here a factfinder could certainly infer that the defendant's impairment preceded the crash, and indeed, caused it.  Commonwealth v. Bouley, 93 Mass. App. Ct. 709, 712 (2018), citing Commonwealth v. Reynolds, 67 Mass. App. Ct. 215, 219 (2006) (evidence of a single car accident may be the basis for an inference that the defendant-driver was impaired when the accident occurred).

The closer question is whether there was sufficient evidence that the defendant was impaired due to the consumption of alcohol.  In the case law addressing the sufficiency of evidence to prove impairment by alcohol, there heretofore generally has been something more than the indicia here -- that is, the glassy eyes, slurred speech, unsteadiness, etc. -- that ties the defendant's impairment to alcohol, as opposed to possible other causes.  This additional evidence can include, for example, an odor of alcohol on the defendant's breath, the presence of containers of alcohol in the car, observation of the

7

defendant drinking, the failure of field sobriety tests, or admissions by the defendant. See Gallagher, 91 Mass. App. Ct. at 390-391 (sufficient evidence of intoxication included, among other signs, bloodshot, glassy eyes, an odor of alcohol, slurred speech, and the defendant's admission to having consumed three beers immediately prior to driving); Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 354 (2015) (the moderate odor of alcohol on the defendant's person, his red and glassy eyes, and the fact that he was speeding while driving were sufficient); Commonwealth v. Lavendier, 79 Mass. App. Ct. 501, 506-507 (2011) (a strong odor of alcohol on the defendant's person, poor balance, and glassy bloodshot eyes in addition to other indicators, were deemed sufficient evidence of impairment).

Such evidence was not present here. There was, however, Officer O'Donnell's testimony that the defendant was intoxicated by alcohol. The Massachusetts case law establishes that lay witnesses, including police officers, may offer opinion testimony "regarding a defendant's level of sobriety or intoxication," provided they do "not opine whether a defendant operated a motor vehicle while under the influence of alcohol or whether the defendant's consumption of alcohol diminished his ability to operate a motor vehicle safely." Commonwealth v. Canty, 466 Mass. 535, 544 (2013). See Commonwealth v. Jones, 464 Mass. 16, 17 n.1 (2012). Canty expressly holds that such

8

lay opinions as to a defendant's sobriety are both relevant and probative of impairment.  Canty, 466 Mass. at 542 ("a lay opinion is relevant only where, as with sobriety, 'the principal objective symptoms are so well known' that we consider the lay opinion to have probative value" [citations omitted]).  Here, in response to the question whether she had formed an opinion as to the defendant's intoxication, O'Donnell opined without objection that she believed the defendant "was impaired, under the influence of alcohol."  Her testimony did not impermissibly offer an opinion on the ultimate issue.  Rather, under Canty, her testimony was probative evidence that the defendant was intoxicated by alcohol, and not some other intoxicating substance.[2]

Because, pursuant to Latimore, we conclude that O'Donnell's opinion testimony and the other indicia of the defendant's intoxication discussed above, taken together, constitute

---

[2] The defendant did not raise a Daubert/Lanigan-type challenge to O'Donnell's testimony -- that is, the defendant did not argue that O'Donnell was not competent (or that the foundation was inadequate) to distinguish between impairment caused by alcohol, as opposed to other possible causes.  Commonwealth v. Lanigan, 419 Mass. 15 (1994).

sufficient proof that the defendant was under the influence of alcohol, we affirm.

                                        <u>Judgment affirmed</u>.

                                        By the Court (Vuono, Singh & Englander, JJ.[3]),

                                        Clerk

Entered: November 15, 2023.

---

[3] The panelists are listed in order of seniority.