NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-716

COMMONWEALTH

vs.

RODNEY J. BALLARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his convictions of operating under the influence of liquor (OUI), second offense, G. L. c. 90, § 24 (1) (a) (1),[1] and negligent operation of a motor vehicle. G. L. c. 90, § 24 (2) (a). He argues that the trial judge erred in denying his motion for a required finding of not guilty of both counts because the evidence presented at trial was insufficient to prove him guilty of either charge beyond a reasonable doubt. We affirm.

---

[1] After being found guilty of the substantive crime, the defendant stipulated to the subsequent offense portion of the charge.

Discussion.  The defendant stipulated that he operated a motor vehicle on a public way, leaving one element for the Commonwealth to prove on each charge.  To prove the OUI offense, the Commonwealth was required to establish that the defendant was under the influence of alcohol, see Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 728 (2016), citing Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995), whereas to prove the negligent operation offense, the Commonwealth was required to establish that the defendant drove "negligently so that the lives or safety of the public might be endangered." Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 219 (2019), quoting Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017).

When reviewing the denial of a motion for a required finding of not guilty, we take the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

Viewed in the light most favorable to the Commonwealth, the trial evidence showed that the defendant pulled to the side of the road to let an ambulance pass and then "revved" his engine, screeching his tires to accelerate past another driver who had

2

also moved aside for the ambulance. Before being pulled over, the defendant reached a speed of approximately fifteen miles per hour over the limit.

During the ensuing traffic stop, the defendant's speech was slurred, and his eyes were glassy and bloodshot. The officer detected a smell of alcohol emanating from both the defendant's car (which admittedly contained a drunk passenger) and the defendant's person. The defendant confessed to consuming alcohol and performed poorly on standard field sobriety tests by failing to comply with instructions, stepping off the line and leaving large gaps between his steps in the heel-to-toe walk-and-turn test, using his arms for balance, and simply declaring that he could not complete the one-leg stand test.

This evidence was sufficient for a rational jury to find that the contested element of each charge was proven beyond a reasonable doubt. The OUI conviction required the Commonwealth to show that "the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely." Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). The defendant's admission to drinking alcohol; and his smell, speech, comportment, inability to follow instructions, and poor, unexcused performance on the field sobriety tests, all supported the jury's finding that the defendant's alcohol consumption

3

impaired his ability to safely drive his vehicle.  See

Commonwealth v. AdonSoto, 475 Mass. 497, 510 (2016) (classic

physical symptoms of intoxication include odor of alcohol,

slurred speech, unsteadiness, glassy eyes); Commonwealth v.

Rarick, 87 Mass. App. Ct. 349, 353 n.5 (2015) (field sobriety

tests useful because jury understands that intoxication leads to

diminished balance, coordination, mental acuity).

On appeal, the defendant offers alternative explanations

for his condition and behavior.  At bottom, the defendant asks

this court to credit his explanation of what happened, but this

court evaluates the sufficiency, not the weight, of trial

evidence.  See Commonwealth v. Veronneau, 90 Mass. App. Ct. 477,

481 (2016).  Evidence that the defendant was operating a motor

vehicle while under the influence of alcohol, in the light most

favorable to the Commonwealth, was sufficient.

By the same token, evidence of unsafe operation was

sufficient to show that "the defendant's conduct might have

endangered the safety of the public."  Commonwealth v. Teixeira,

95 Mass. App. Ct. 367, 369 (2019).  The defendant was operating

under the influence of alcohol, see Commonwealth v. Zagwyn, 482

Mass. 1020, 1022 (2019) (evidence of intoxication may be

considered in evaluating negligent operation charge), at the

same time he made an aggressive road maneuver, passing another

4

motorist to begin speeding toward the general vicinity of an ambulance that had just passed him.  Compare <u>Commonwealth</u> v. <u>Ferreira</u>, 70 Mass. App. Ct. 32, 33 (2007) (aggressive acceleration near other vehicles can, at times, support negligent operation charge).  On these facts, the jury's verdict was supported by sufficient evidence.

<u>Judgments affirmed</u>.

By the Court (Sacks, Singh &
  Walsh, JJ.[2]),

Assistant Clerk

Entered: June 21, 2024.

---

   [2] The panelists are listed in order of seniority.

5