NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-528

COMMONWEALTH

vs.

CHRISTOPHER D. PRAIRIE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant, Christopher Prairie, was convicted of operating under the influence of intoxicating liquor (OUI), and negligent operation of a motor vehicle.[1] Because we conclude that the evidence at trial was sufficient to prove the elements of each of these offenses, we affirm the convictions.

Discussion. 1. Standard of review. In assessing the sufficiency of the evidence supporting a conviction, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

_____

[1] After a bifurcated trial, the defendant pleaded guilty to the OUI as a second offense.

the essential elements of the crime beyond a reasonable doubt" (quotation, citation, and emphasis omitted).[2] Commonwealth v. Kapaia, 490 Mass. 787, 791 (2022). "Proof of the essential elements of the crime may be based on reasonable inferences drawn from the evidence, . . . and the inferences a jury may draw need only be reasonable and possible and need not be necessary or inescapable." Commonwealth v. Wurtzberger, 496 Mass. 203, 205 (2025), quoting Kapaia, supra.

2. OUI. Where, as here, the Commonwealth seeks to prosecute an OUI charge on a theory of impaired operation, the prosecution must establish that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of intoxicating liquor. See G. L. c. 90, § 24 (1) (a) (1); Wurtzberger, 496 Mass. at 205-206. In this appeal, the defendant challenges only the sufficiency of the evidence proving the third element -- that he was "under the influence" of liquor while driving. Put differently, the defendant argues that the evidence failed to show an "impairment, to any degree, of [his] ability to [drive] safely." Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 218 (2019),

---

[2] Although the defendant did not challenge the sufficiency of the evidence at trial, we nonetheless review the challenge on appeal using this standard. See Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986).

2

quoting Commonwealth v. Veronneau, 90 Mass. App. Ct. 477, 479 (2016).  We do not agree.

Viewed in the light most favorable to the prosecution, the evidence showed that, while the defendant drove along a two-lane State road, he twice allowed the front tire of his truck to cross the double yellow line separating the oncoming lane of traffic from his own.  The second time, he nearly collided with an oncoming car, which happened to be a police cruiser.[3] Although the officer then activated his emergency lights and attempted to pull the defendant over, the defendant failed to stop promptly.

When he did stop, the defendant was unable to locate his license and registration until after he "fumbled through some paperwork for a good couple of minutes."  While talking with the police officer, the defendant also displayed classic indicia of intoxication, including a "glassy stare," red and bloodshot eyes, slurred speech, and a "strong odor of an alcoholic beverage on his breath."  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017) (describing classic indicia of intoxication).  When the defendant then got out of his truck

---

[3] Due to the defendant's crossing over the double yellow line, the police officer driving in the opposite lane had to "slam[] [his] brakes on" to avoid colliding with the defendant.

at the officer's instruction, he "stumbl[ed] and sway[ed] as he walked," and although he agreed to take several field sobriety tests, he failed to complete them to the officer's satisfaction. Moreover, while the defendant initially denied drinking (although he admitted that he had "consumed some marijuana"), he later spontaneously told the police that "he had consumed two small alcoholic beverages earlier in the day."[4]

The officer ultimately formed the opinion that the defendant was intoxicated and arrested him. During his booking at the police station, the defendant's speech was tangential and slurred, he was sometimes unsteady on his feet, and he was briefly argumentative with the booking officer.[5]

We are satisfied that, taken together, this evidence was sufficient to prove the defendant's impairment by alcohol. See Tsonis, 96 Mass. App. Ct. at 219 (evidence that defendant "nearly [struck]" parked cars; had glassy, bloodshot eyes;

---

[4] The defendant did not argue at trial that he was intoxicated by marijuana, rather than by alcohol, and he does not make that argument here. See Commonwealth v. Stathopoulos, 401 Mass. 453, 457 (1988) (in OUI cases, Commonwealth must prove that "alcohol is one contributing cause of the diminished ability [to operate a vehicle safely]," but need not prove that it is "the sole or exclusive cause").

[5] The booking process was video recorded. A copy of the video recording was introduced in evidence at trial and is part of our record.

4

smelled of alcohol; behaved belligerently to police; and was unsteady on his feet was sufficient to prove defendant's impairment), and cases cited.  To the extent the defendant argues that the jury could have weighed the evidence differently, and thus could have found a basis on which to acquit him, he misapprehends our standard of review.  See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979).

3.  Negligent operation.  The defendant's challenge to the sufficiency of the evidence of his negligence is likewise unpersuasive.  As we note above, the jury could have found that the intoxicated defendant allowed his truck to cross partway into an oncoming lane of travel, where he nearly collided with another vehicle.  This was sufficient to prove negligence.  See, e.g., Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380 (2017), and cases cited.  Although the jury could have credited the defendant's explanation for his erratic driving -- a sneeze -- they were not required to do so.  See Commonwealth v. Kelly, 470

5

Mass. 682, 693 (2015), quoting Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C. 450 Mass. 215 (2007) (assessment of weight and credibility of evidence "wholly within [jury's] province").

Judgments affirmed.

By the Court (Shin, Hand & Grant, JJ.[6]),

Clerk

Entered:  August 12, 2025.

---

[6] The panelists are listed in order of seniority.